784 So.2d 860 (2001)
David DEQUEANT
v.
CITY OF JENNINGS.
No. 01-0141.
Court of Appeal of Louisiana, Third Circuit.
May 2, 2001.
Michael B. Miller, Crowley, LA, Counsel for Plaintiff/Appellant: David Dequeant.
Christopher R. Philipp, Jamison & Philipp, Lafayette, LA, Counsel for Defendant/Appellee: City of Jennings.
Court composed of YELVERTON, SAUNDERS, and PETERS, Judges.
PETERS, J.
The plaintiff, David Dequeant, appeals a summary judgment in favor of his employer, the City of Jennings (Jennings), dismissing his claim for medical benefits on the basis of prescription. For the following reasons, we affirm the judgment in all respects.
This is not the first time Dequeant and Jennings have appeared before this appellate court. In City of Jennings v. Dequeant, 96-943 (La.App. 3 Cir. 11/5/97); 704 So.2d 264, writ denied, 98-0610 (La.4/24/98); 717 So.2d 1174, we set forth the relevant facts initially giving rise to this litigation and will not repeat those facts herein except to say that the litigation *861 arose as a result of a work injury Dequeant sustained on July 17, 1993, and that the appeal resulted in a decrease in the amount of supplemental earnings benefits due Dequeant.
The record before us reflects that since we previously considered this matter, Dequeant has filed two separate pleadings requesting additional relief for the injuries he sustained in his July 17, 1993 accident. On June 28, 1999, Dequeant filed a 1008 form requesting an increase in the amount of his supplemental earnings benefits. Thereafter, on March 30, 2000, Dequeant filed another 1008 form requesting medical benefits. It is this second request that is currently before us. Apparently, this claim was filed under the docket number for the prior case and the word "amended" was handwritten above the preprinted 1008 title, DISPUTED CLAIM FOR COMPENSATION. However, the docket number has been blacked out and a different handwritten docket number has been added. Additionally, "amended" has been blacked out. Jennings filed an answer in which it admitted that it was continuing to pay supplemental earnings benefits but contended that the claim for medical benefits had prescribed. Thereafter, Jennings filed the instant motion for summary judgment on the prescription issue.
In support of its motion, Jennings submitted the affidavit of Sandy Arst, the Risk Management, Inc. employee responsible for handling Dequeant's claim against Jennings. This affidavit established that the last statement for medical services submitted by Dequeant was paid on behalf of Jennings on December 18, 1995. Dequeant presented nothing to contradict this assertion.
La.R.S. 23:1209 provides in part:
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.

(Emphasis added.)
Clearly, more than three years have elapsed from the time of the last payment of medical benefits. Nevertheless, Dequeant labels the instant claim an "amended claim" and argues the following in his appellate brief:
Please note that LSA R.S. 23:1209 deals with prescription of a claim. Prescription gives you a time limit upon which to file a claim. In the event that the claim is not timely filed, then the case prescribes. In the case at hand, there was a claim filed on behalf of Mr. Dequeant and a judgment rendered by the Office of Workers' Compensation, which was reversed in part by the Court of Appeal. Therefore, the claim of Mr. Dequeant was filed timely. The present issues before the Office of Workers' Compensation are not from a different claim, but rather from the same claim.
Dequeant further asserts that the right to claim future medical expenses is always reserved to the injured worker and states: "Since there has previously been a trial and a judgment rendered, it is submitted that the claim could not be prescribed."
In Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La.1985), the supreme court held that the prescriptive provisions of La.R.S. 23:1209, which at that time did not expressly address a claim for medical expenses, did not apply to claims *862 for medical expenses. In so holding, the supreme court stated:
One indication that the legislature did not intend La.R.S. 23:1209 to apply to claims for medical expenses is that under such an interpretation it would be possible for a disabled worker's claims for medical expenses to prescribe before he could assert them.... Under La. R.S. 23:1203, liability for medical expenses arises only as they are incurred. A plaintiff is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to the plaintiff.
Id. at 27.
The supreme court held that the claim for medical benefits was instead governed by the Civil Code's ten-year prescriptive period for personal actions.
However, by Acts 1985, No. 926, § 1, effective January 1, 1986, the legislature added a prescriptive period to La.R.S. 23:1209 for medical benefits, which is now designated as Subsection C. Thus, even though an employee's right to claim future medical expenses is always reserved to him, the claim itself is subject to the prescriptive period of La.R.S. 23:1209(C), which applies to "[a]ll claims for medical benefits payable pursuant to R.S. 23:1203." (We note that even a petition to modify a judgment awarding benefits is now subject to the prescriptive periods of La.R.S. 23:1209. See La.R.S. 23:1310.8(D) as added by Acts 1999, No. 323, § 1.) Therefore, Dequeant's claim for medical benefits has prescribed on its face.
In Bellard v. Grey Wolf Drilling, 98-651, p. 5 (La.App. 3 Cir. 12/9/98); 722 So.2d 1171, 1173, writ denied, 99-0059 (La.3/12/99); 739 So.2d 202, in which we held that the payment of supplemental earnings benefits does not interrupt prescription on a claim for medical benefits, we stated: "[I]t is clear that when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits. As [La.R.S. 23:1209] is written, nothing other than payments of medical benefits interrupts the three year prescription provided in the second sentence of paragraph C." Thus, it is clear that Jennings' current payments of supplemental earnings benefits do not interrupt prescription on the medical benefits claim.

DISPOSITION
For the foregoing reasons, we affirm the summary judgment dismissing Dequeant's claim, and we assess costs of appeal to him.
AFFIRMED.
SAUNDERS, J., dissents without written reasons.