839 So.2d 13 (2003)
Ronald J. BOQUET, Sr.
v.
TETRA TECHNOLOGIES, INC. and Travelers Property & Casualty Corp.
No. 2002-C-1634.
Supreme Court of Louisiana.
February 25, 2003.
*14 Patricia McKay Clotiaux, New Orleans, for Applicant.
Joseph J. Weignand, Jr., for Respondent.
KIMBALL, Justice
The sole issue presented for our review in this workers' compensation case is whether an employer's payment of workers' compensation indemnity benefits interrupts prescription as to the employee's claim for medical benefits. For the reasons that follow, we find the payment of indemnity benefits does not interrupt prescription on claimant's claim for medical benefits. We conclude the language of La. R.S. 23:1209 is clear and unambiguous and requires a finding that when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits.

Facts and Procedural History
This case involves a claim for benefits pursuant to the Louisiana Workers' Compensation Act. The facts are undisputed. On April 2, 1990, claimant, Ronald J. Boquet, Sr., was injured while in the course and scope of his employment with Tetra Technologies, Inc. ("Tetra"). Tetra paid workers' compensation indemnity benefits to Mr. Boquet until April 2000, a period of 520 weeks.[1] Additionally, Tetra paid some of Mr. Boquet's medical expenses, with the last medical expense being paid on February 18, 1994.
On May 23, 2000, Mr. Boquet filed a disputed claim for compensation against Tetra and its insurer, Travelers Property and Casualty Corp., contending that he is permanently and totally disabled as a result *15 of his work-related accident and, consequently, is entitled to additional workers' compensation indemnity benefits and medical benefits. In response, defendants filed an exception of prescription as to Mr. Boquet's claim for medical benefits. Defendants argued that pursuant to La. R.S. 23:1209(C), the prescriptive period for payment of claimant's medical expenses is three years from the last payment of medical benefits. Accordingly, defendants contend, Mr. Boquet's claim for medical benefits is prescribed on its face. Claimant opposed defendants' exception, asserting that prescription was interrupted by defendants' payment of workers' compensation indemnity benefits and citing Levatino v. Domengeaux & Wright, P.L.C., 593 So.2d 721 (La.App. 1 Cir.1991), writ denied, 596 So.2d 196 (La.1992), in support of this proposition.
After a hearing on the matter, the hearing officer sustained defendants' exception of prescription and dismissed Mr. Boquet's claim for medical benefits.
Claimant appealed the judgment of the Office of Workers' Compensation. The First Circuit Court of Appeal reversed. Boquet v. Tetra Technologies, Inc., 01-0856 (La.App. 1 Cir. 5/10/02), 818 So.2d 941. In its opinion, the court of appeal adhered to its previous judgment in Levatino and held that defendants' payment of workers' compensation indemnity benefits interrupted the prescriptive period for Mr. Boquet's claim for medical expenses.
We granted certiorari upon defendants' application to address an apparent split among the circuits of the courts of appeal on the issue of whether an employer's payment of workers' compensation indemnity benefits interrupts prescription on the employee's claim for medical benefits. Boquet v. Tetra Technologies, Inc., 02-1634 (La.11/1/02), 828 So.2d 580.

Discussion
The applicable prescriptive period for making claims for workers' compensation benefits is provided by La. R.S. 23:1209. The instant case involves a claim for medical benefits, which is specifically addressed in subsection (C) of La. R.S. 23:1209. That subsection provides:

All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.

La. R.S. 23:1209(C) (emphasis added).[2] Thus, in a case such as this where medical payments have been made, a claimant has three years from the date of the last payment of medical benefits to file his claim for additional medical benefits.
In the instant case, it is undisputed that defendants' last payment of medical *16 benefits was made on February 18, 1994. Because Mr. Boquet's claim for payment of additional medical benefits was not filed until May 23, 2000, the claim for medical benefits is prescribed on its face. When a workers' compensation claim is prescribed on its face, the claimant bears the burden of showing the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Bros., 01-3230, p. 6 (La.6/21/02), 820 So.2d 460, 464.
In support of his claim that defendants' payment of indemnity benefits interrupted prescription as to his claim for medical benefits, claimant relies on the decisions by the fifth circuit in Manuel v. River Parish Disposal, Inc., 96-302 (La.App. 5 Cir. 10/1/96), 683 So.2d 791, and the first circuit in Levatino v. Domengeaux & Wright, P.L.C., 593 So.2d 721 (La.App. 1 Cir.1991), writ denied, 596 So.2d 196 (La. 1992), which held that payment of indemnity benefits interrupts prescription on a claim for medical benefits. Claimant suggests that such a conclusion is required in light of fact that workers' compensation laws are to be construed liberally in favor of the injured worker.
In response, defendants rely on the plain language of La. R.S. 23:1209(C) in support of their argument that payment of indemnity benefits does not interrupt prescription as to claims for medical benefits. Additionally, defendants point out that the third and fourth circuits have held that such payment does not serve to interrupt prescription on claims for medical benefits.
The parties are correct in that there is a split among the circuits of the courts of appeal on the issue of whether an employer's payment of workers' compensation indemnity benefits interrupts prescription as to the employee's claim for medical benefits. In Levatino, the first circuit considered the provisions of La. R.S. 23:1209(C) and explicitly held that "the payment of weekly benefits for a disabling injury interrupts a claim for medical expenses incurred in connection with that injury." Levatino, 593 So.2d at 724. The court reached this conclusion based primarily on policy grounds, stating:
There are sound reasons to allow weekly benefits to interrupt a claim for medical expenses. It is grossly unfair for a claimant, such as the one in this case, to be disabled from a job-related injury and drawing weekly benefits for that disability, and yet be denied medical benefits for the disabling injury. Further, a disabled employee drawing weekly benefits would be encouraged to incur unnecessary medical expense for the sole purpose of keeping the claim viable.
Id. It should be noted, however, that while the Levatino court did hold that payment of weekly benefits interrupts a claim for medical benefits, it appears the court was dealing with a situation in which no medical benefits had previously been paid pursuant to La. R.S. 23:1203 and, consequently, the court did not examine the last sentence of La. R.S. 23:1209(C), which deals with prescription of claims for medical benefits when such benefits have previously been made.
In Manuel, the fifth circuit followed the first circuit's decision in Levatino and held that claimant's claim for compensation interrupted the running of prescription on his claim for medical expenses. Manuel, 96-302 at p. 11, 683 So.2d at 797. Again, however, as in Levatino, it appears the factual situation in Manuel was one in which no payments for medical payments had been made by claimant's employer or its insurer and, therefore, the court did not discuss the last sentence in La. R.S. 23:1209(C).
In contrast to the decisions by the first and fifth circuits in Levatino and Manuel, the third and fourth circuits refused to find *17 that payments of anything other than medical benefits interrupt prescription on claims for medical benefits. In Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, writ denied, 96-2925 (La.1/24/97), 686 So.2d 868, the court held that offsets against collateral sources by defendant were a tacit acknowledgment of plaintiffs' entitlement to indemnity benefits. However, the fourth circuit determined the offsets, which plaintiffs reasoned were the equivalent of indemnity benefits, did not interrupt prescription of plaintiffs' claims for medical benefits. In reaching this decision, the fourth circuit declined to follow Levatino, finding the language of the three-year prescriptive period in subsection (C) was clear and unambiguous such that the payment of indemnity benefits does not interrupt the prescription of medical benefits.
Similarly, in situations involving payments of medical benefits prior to the claim at issue, the third circuit has held that payment of indemnity benefits does not interrupt prescription on claims for medical benefits. In Bellard v. Grey Wolf Drilling Co., 98-651 (La.App. 3 Cir. 12/9/98), 722 So.2d 1171, writ denied, 99-0059 (La.3/12/99), 739 So.2d 202, the third circuit declined to follow Levatino, agreeing instead with the Rapp court's conclusion that the language of La. R.S. 23:1209 is clear and unambiguous. Thus, the third circuit concluded, "[a]s the statute is written, nothing other than payments of medical benefits interrupts the three year prescription provided in the second sentence of paragraph C." Rapp, 98-651 at p. 5, 722 So.2d at 1173. Subsequently, in Dequeant v. City of Jennings, 01-0141 (La.App. 3 Cir. 5/2/01), 784 So.2d 860, the third circuit reaffirmed its Bellard decision, holding that an employer's payments of supplemental earnings benefits did not interrupt prescription on claimant's medical benefits claim.
Turning now to the proper interpretation of La. R.S. 23:1209(C) in a case in which medical benefits have previously been paid to claimant, we must keep certain principles of judicial interpretation of statutes in mind. Legislation is the solemn expression of legislative will and, therefore, the interpretation of legislation is primarily the search for the legislative intent. Burnette v. Stalder, 00-2167 (La.6/29/01), 789 So.2d 573. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4. The starting point for the interpretation of any statute is the language of the statute itself. Touchard v. Williams, 617 So.2d 885 (La.1993).
We find the language at issue in La. R.S. 23:1209(C) is clear, unambiguous, and does not lead to absurd consequences. Subsection (C) applies to "all claims for medical benefits payable pursuant to R.S. 23:1203." The first sentence of the subsection goes on to establish a one year prescriptive period for such claims in certain situations. The second sentence, however, deals with situations in which medical benefits have previously been paid: "Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits." The plain language of these provisions leads to the inescapable conclusion that when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits. Because the legislature chose to qualify the three-year period with the last payment of "medical" benefits, instead of simply the last payment of "benefits," *18 we are constrained to find that only defendants' payment of medical benefits serves to interrupt the three-year prescriptive period established in La. R.S. 23:1209(C).
In the instant case, the claim for medical benefits was made more than three years after the last payment of medical benefits. Therefore, we must find his claim for medical benefits has prescribed pursuant to La. R.S. 23:1209(C). We recognize this is a harsh rule applied to a sympathetic claimant. Nevertheless, we cannot use the policy considerations espoused by the Levatino court, however valid they may seem to us, to override the plain wording of the statute. Such considerations are within the province of the legislature and, although we may invite them to look again at the implications and consequences of La. R.S. 23:1209(C), we are not free to ignore their clear expressions.

Decree
For the reasons expressed above, we reverse the judgment of the court of appeal that the claim for medical benefits has not prescribed. The exception of prescription is sustained and claimant's claim for medical benefits is dismissed.
REVERSED.
CALOGERO, C.J., concurs and assigns reasons.
CALOGERO, Chief Justice, concurs and assigns the following reasons.
Although I agree with the majority that the unambiguous language of La. R.S. 23:1209(C) commands the conclusion that payments for workers' compensation indemnity benefits do not interrupt prescription on an employee's claim for medical benefits, I write separately to emphasize the resulting injustice to workers and urge the legislature to re-examine the policy behind, and consequences of, this statutory provision. I recognize that prescriptive statutes serve many valid and necessary functions, such as protecting the employer from stale claims and enabling the employer to determine when potential liability for an accident will cease. See Malone & Johnson, 14 Louisiana Civil Law Treatise, Workers' Compensation Law and Practice, § 384, at 323 (4th ed.2002). I do not believe, however, these purposes are served by § 1209(C). Equity requires that indemnity benefit payments should interrupt prescription on a claim for medical expenses, when these medical expenses are made necessary by the same workplace injury for which indemnity benefits are being paid.
Policy considerations support the well-established law of this state that medical expense payments do not interrupt prescription on a claim for indemnity benefits. Most notably, this particular rule encourages the employer to furnish medical assistance in all cases without fear that, by so doing, he may prejudice his position with respect to a possible claim for indemnity benefits. Malone & Johnson, supra. In the reverse situation implicated here (indemnity benefit payments interrupting prescription on claim for medical expense payments), the only policy § 1209(C) furthers is one that encourages the injured employee who is drawing weekly indemnity benefits to incur unnecessary medical expenses for the purpose of keeping his claim for medical expenses alive. See Levatino, 593 So.2d at 724.
Employers are not unfairly prejudiced by medical expense claims made during a time when an employee is drawing weekly indemnity benefits. When an employer is making weekly payments to compensate an employee for a workplace injury, he is *19 aware of the existence and extent of the employee's injuries. In fact, by making indemnity benefit payments, an employer is arguably assuming responsibility for the workplace injury. If an employee is sufficiently disabled to qualify for weekly indemnity benefit payments, one can reasonably assume that his injuries are genuine. Under the quid pro quo scheme of workers' compensation law, the employee surrenders the right to sue his employer in tort and thereby seek full damages for his injury, and accepts instead a more modest claim for essentials, payable regardless of fault, and with a minimum of delay. Section 1209(C) needlessly operates in this case to deny a validly injured worker expense reimbursements for medical treatment received after a three-year period where the worker did not, often for commendable reasons, seek treatment from a physician.
As the majority correctly recognizes, courts must take the law as they find it and cannot legislate on the pretense of equity. It is the province of our duly elected legislators to re-examine inequitable statutes such as § 1209(C), keeping in mind its questionable consequences and the benevolent purposes of the Workers' Compensation Act.
NOTES
[1] The record reveals that Mr. Boquet received temporary total disability benefits of $276.00 per week from the date of the accident through November 15, 1994, at which time his benefits were converted to supplemental earnings benefits and paid at the rate of $835.75 per month.
[2] The prescriptive provisions of La. R.S. 23:1209 did not always contain an explicit provision related to claims for medical benefits. Before the passage of La. R.S. 23:1209(C), this court, in Lester v. Southern Casualty Ins. Co., 466 So.2d 25 (La.1985), held that the prescriptive provisions of La. R.S. 23:1209 did not apply to claims for medical expenses. Consequently, this court determined that claims for medical expenses were governed by the Civil Code's ten-year prescriptive period for personal actions. After this court's opinion in Lester was rendered, the legislature passed Acts 1985, No. 926, effective January 1, 1986, which amended La. R.S. 23:1209 to provide a specific prescriptive period for claims for medical benefits payable pursuant to La. R.S. 23:1203.