hMAX N. TOBIAS, JR., Judge.
The appellant, Gloria Robertson, appeals from a judgment rendered against her with regard to two disputed claims for benefits. For the reasons below, we affirm the judgment of the Office of Workers’ Compensation.
Ms. Robertson injured her lower back on 18 December 1987 while employed by the Jefferson Parish School Board.[1] She first filed a petition for workers’ compensation benefits against the school board and its insurer, Liberty Mutual Insurance Company, in 1990 and, on 6 May 1993, judgment was rendered ordering the payment of medical benefits, past, present, and future. In addition, the trial court found that Ms. Robertson was temporarily and totally disabled (“TTD”) and awarded her weekly benefits until she reached maximum medical improvement. Finally, the trial court ordered that Ms. Robertson’s employment status would not be subject to change until the defendants provided adequate ^rehabilitation or reconditioning programs to her. In 1999, the defendants pursued a change in Ms. Robertson’s medical condition from TTD to supplemental earnings benefits (“SEB”).
On 4 August 2000, the defendants filed a disputed claim seeking court approval for the termination of SEB. Ms. Robertson also filed a disputed claim for compensation seeking to have her disability declared as permanent and total in nature. The dispute was later amended to add a claim for medical benefits, to which the defendants filed a peremptory exception of prescription. The disputes were consolidated for trial.
The disputed claims were tried on 6 May 2002. Judgment was rendered in favor of the defendants on 26 June 2002, holding that Ms. Robertson was not permanently and totally disabled; the reclassification of benefits from TTD to SEB was correct and justified; defendants were entitled to a credit for all payments of TTD benefits made after January 1990 toward the ten-year statutory obligation to pay SEB; and that all claims for medical benefits under the Louisiana Workers’ Compensation Act had prescribed.
In its reasons for judgment, the trial court stated in pertinent part:
Dr. Richard Meyer, Gloria Robertson’s treating physician, opined that Glo- *678 ría Robertson was at sedentary to light work duty as of 1988.
[[Image here]]
On July 8, 1999, Jefferson Parish School Board changed Gloria Robertson’s classification from Total Temporary Disability to Supplemental Earning Benefits. There was no medical evidence for over ten years that claimant was Total Temporary Disabled. In fact, any medical evidence that existed showed that she was able to work. At worst, Gloria Robertson could have been changed to Supplemental Earning Benefits status in 1988 |3if Jefferson Parish School Board had been more aggressive. But since Jefferson Parish School Board did not, nor attempt to, implement Supplemental Earning Benefits status until 1990, Gloria Robertson gained two (2) years of full rate Total Temporary Disability benefits that could have been reduced.
Gloria Robertson showed no compelling evidence that she was Total Temporary Disabled as of July 3, 1999 or any date thereafter.
Ms. Robertson presents two assignments of error for review. First, she alleges that the trial court erred in finding that the reclassification of her status from TTD to SEB was appropriate and should have awarded attorney’s fees for the unwarranted change in status. Ms. Robertson also argues that the trial court erred in finding that her right to medical benefits has prescribed.
The evidence in the record shows that the defendants began paying TTD benefits of $262.00 per week in 1988 and continued to pay that amount through 2 July 1999. On 3 July 1999, benefits were. changed from TTD to SEB; Ms. Robertson continued to receive SEB at $262.00 per week through 2002. The defendants petitioned the court to terminate SEB based on the credit provided in La. R.S. 23:1223(B) for TTD benefits paid from 1 January 1990 through 2 July 1999.
The 1999 change in benefits was based on a vocational rehabilitation performed by Patricia Knight with 'Jefferson Counseling Services, Inc. in 1994, which records were admitted into evidence. The 15 June 1994 report by Jefferson Counseling provided a list of 41 job openings within the light-duty work restriction assigned by Ms. Robertson’s physician, Dr. Shaekleton. Dr. Shaekleton approved these jobs on 14 June 1994 as being within the light-duty work restrictions assigned by him as of September 1992.
RThe record also demonstrates that Ms. Robertson did not receive any medical treatment for her lower back between 17 December 1992 and 29 January 2001. However, on 25 September 1995, she saw an orthopedic surgeon, Richard Meyer, M.D., for bilateral knee complaints related to osteoarthritis of the knees, unrelated to her work injury. Her first complaint of lower back pain was not asserted until 29 January 2001.
•Dr. Meyer testified in his deposition, which was admitted into evidence, that Ms. Robertson reached maximum medical improvement as of six months after 18 December 1987. He further stated that she had a sedentary to light-duty work capacity, which she would have reached as of June 1988.
Also in evidence is the testimony of Angeliki Kampitis of Cascade Disability, who performed vocational rehabilitation and on 22 April 2002, found several jobs within the sedentary to light-duty work capacity assigned by Dr. Meyer. On 23 April 2002, Dr. Meyer approved these jobs as being with the capacity specified by him *679 in relation to Ms. Robertson’s lower back injury.
As found by the trial court, all the medical evidence presented at trial demonstrates that Ms. Robertson was able to work as of 3 July 1999, the date that the benefits status was changed. Consequently, we find this assignment of error to be without merit. Additionally, because we find that the defendants introduced ample evidence to support the change in benefits status, the trial court correctly denied the claim for attorney’s fees.
In her second assignment of error, Ms. Robertson argues that her claim for medical benefits has not prescribed. La. R.S. 23:1209(C) provides:
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon |Rthe payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits. [Emphasis added.]
The plaintiff argues that the three-year prescriptive period for the payment of medical benefits was interrupted by the subsequent payment of SEB, relying on the First Circuit’s decision in Boquet v. Tetra Technologies, Inc., 2001-0856 (La.App. 1 Cir. 5/10/02), 818 So.2d 941. However, this case was reversed by the Supreme Court in Boquet v. Tetra Technologies, Inc., 2002-1634 (La.2/25/03), 839 So.2d 13, in which the Court stated:
For the reasons that follow, we find that the payment of indemnity benefits does not interrupt prescription on claimant’s claim for medical benefits. We conclude the language of La. R.S. 23:1209 is clear and unambiguous and requires a finding that when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits.
Id. at p. 1, 839 So.2d at 14.[2]
Thus, the trial court was correct when it found that Ms. Robertson’s claim for medical benefits had prescribed. We therefore find this assignment of error to be without merit.
For the reasons above, we affirm the trial court’s judgment. All costs of this appeal are assessed against the appellant.

AFFIRMED.

. We note a conflict in the two venue statutes applicable herein. First, La. R.S. 13:5104 requires that a suit against a political subdivision of the state, such as a school board, see La. Const. VI, § 44, be brought in the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises. On the other hand, La. R.S. 23:1310.3 permits a workers' compensation claimant to file a claim in the judicial district of the parish of domicile of the worker at the time of the injury, the judicial district of the parish where the injury occurred, or the judicial district of the parish of the principal place of business of the employer.
Ms. Robertson, an Orleans Parish domiciliary at the time of her injury, filed her claim in Orleans Parish, although pursuant to La. R.S. 13:5104, the claim should have been filed in Jefferson Parish pursuant to La. R.S. 13:5104. Because the school board has not objected to venue, however, we need not address the issue.

. We take note of the concurrence of Chief Justice Pascal Calogero who observes that “Section 1209(C) needlessly operates in this case to deny a validly injured worker expense reimbursements for medical treatment received after a three-year period where the worker did not, often for commendable reasons, seek treatment from a physician.” However, as noted by the Chief Justice, this is a matter for the legislature to examine and remedy.