855 So.2d 842 (2003)
Kenneth GRAY, Plaintiff-Appellant,
v.
Kenneth CROCKER d/b/a, Grand Cane Plumbing Co. and LWCC, Defendants-Appellees.
No. 37,683-WCA.
Court of Appeals of Louisiana, Second Circuit.
September 24, 2003.
*843 Kenneth Gray, In Proper Person, for Appellant.
Johnson, Stiltner & Rahman, by Phillip M. Hendry, for Appellees.
Before GASKINS, PEATROSS and TRAYLOR (Pro Tempore), JJ.
TRAYLOR, Judge Pro Tempore.
Kenneth Gray ("Gray") appeals from a judgment of the Office of Workers' Compensation (the "OWC") dismissing his claim for medical benefits. For the following reasons, we affirm.

FACTS
On or about February 1, 1995, Gray was injured on the job while working for Kenneth Crocker d/b/a Grand Cane Plumbing Co. ("Crocker"). According to Gray's Form 1008, he and a coworker were lifting a manhole cover when the coworker slipped and dropped the lid on Gray's lower back and hips.
Thereafter, Louisiana Workers' Compensation Corporation ("LWCC") commenced paying Gray indemnity benefits. Further, LWCC paid for medical treatment, rehabilitation and vocational rehabilitation, approximating $27,000 in medical payments for Gray through February 2, 1999.[1]
On May 14, 2002, Gray filed a disputed claim for compensation with the OWC seeking medical benefits. Specifically, Gray demanded that LWCC pay for his hip replacement surgery. Crocker and LWCC responded with an exception of prescription, claiming that Gray's claim had prescribed because more than three years had elapsed since the last payment of medical benefits to Gray.
After a hearing on LWCC's exception, the Workers' Compensation Judge ("WCJ") concluded that more than three years had elapsed from the time of the last medical payment until Gray's formal demand for benefits and dismissed Gray's claim. This appeal by Gray ensued.[2]

DISCUSSION
On appeal, Gray argues that the WCJ erred in granting LWCC's exception of prescription. We disagree.
Prescription for workers' compensation medical benefits is governed by La. R.S. 23:1209(C), which provides:
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
This statute is unchanged from the time of Gray's 1995 accident.
The evidence at the hearing showed that LWCC last paid medical benefits to Gray in February, 1999. Specifically, at the hearing on the exception, the WCJ heard testimony from Annette Robinson ("Robinson"), *844 a claims representative for LWCC, that an independent medical examination ("IME") was conducted in 1998 concerning Gray's demand for hip surgery and that LWCC denied payment for the surgery at that time based on the IME. Gray testified that he asked for payment for the surgery "numerous times" by telephone; however, he did not specify the dates of these conversations, nor did he offer any evidence of those alleged requests. Robinson testified that her contact with Gray about the surgery occurred in 1998, and then she discussed this issue with him only later after three years had elapsed from the last medical payment. Finally, Gray introduced no evidence to document any payments made by LWCC after February 1999 and, in fact, testified that no such payments had been made.
Since Gray filed his claim for benefits more than three years later, he bears the burden of showing that his claim has not prescribed because prescription was suspended or interrupted in some manner. Boquet v. Tetra Technologies, Inc., XXXX-XXXX (La.02/25/03), 839 So.2d 13. Although Gray has been receiving workers' compensation indemnity benefits for his injuries, the payment of indemnity benefits does not interrupt prescription for a claim for medical benefits. Boquet, supra. Since Gray presented no evidence to support any theory of interruption or suspension, we are constrained to hold that the WCJ correctly decided that Gray's claim for medical benefits had prescribed.
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. If the fact-finder's findings are reasonable in light of the record reviewed in its entirety, a court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.07/01/97), 696 So.2d 551. In this case, the WCJ was not clearly wrong in finding that Gray's claim had prescribed pursuant to La. R.S. 23:1209(C). Accordingly, the judgment of the OWC is affirmed. Costs of this appeal are assessed to Gray.
AFFIRMED.
NOTES
[1] LWCC continues to pay Gray supplemental earnings benefits.
[2] Gray has attached a variety of documents to his appellate brief. However, attachments to briefs do not constitute a part of the record on appeal and are not considered by this Court. See, e.g., Reed v. Peoples State Bank of Many, 36,531 (La.App.2d Cir.03/05/03), 839 So.2d 955.