STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1610


A. IMOGENE STROUD

VERSUS

MORRISON NURSERY


************


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2,
PARISH OF RAPIDES, NO. 04–01547,
HONORABLE JAMES L. BRADDOCK,
WORKERS' COMPENSATION JUDGE


************


JIMMIE C. PETERS
JUDGE


************


Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**

George A. Flournoy
Flournoy & Doggett
Post Office Box 1270
Alexandria, LA  71309
(318) 487-9858
COUNSEL FOR PLAINTIFF/APPELLANT:
    A. Imogene Stroud

Bradley J. Gadel
Bradley J. Gadel, APLC
728 Jackson Street
Alexandria, LA  71301
(318) 448-4406
COUNSEL FOR DEFENDANT/APPELLEE:
    Morrison Nursery

PETERS, J.

## MEMORANDUM OPINION

In this workers' compensation case, the employee appeals a judgment sustaining the employer's peremptory exception of prescription. For the following reasons, we affirm in a memorandum opinion. We also reject the employer's answer to the appeal in which it sought attorney fees for frivolous appeal.

It is undisputed that Imogene Stroud sustained disabling injuries on December 13, 1995, in the course and scope of her employment with Morrison Nursery (Morrison). It is also undisputed that Morrison began paying indemnity benefits following the work accident and continues to pay such benefits. Additionally, it is undisputed that Morrison began paying medical benefits following the work accident and that it last paid medical benefits in 1998. However, not until March 4, 2004, did Ms. Stroud file a claim against Morrison for payment of additional medical benefits. She asserted in an affidavit that, during the almost six-year interim, she and Medicare had been paying the expenses. Morrison filed a peremptory exception of prescription, which the WCJ granted. Ms. Stroud has appealed the judgment, and Morrison has answered the appeal, seeking attorney fees for frivolous appeal.

Louisiana Revised Statutes 23:1209(C) provides:

> All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. *Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.*

(Emphasis added.)

On appeal, Ms. Stroud concedes that more than three years have lapsed from the time Morrison last paid medical benefits. However, she urges the following in her

appellate brief: "[T]he statute does not require a last payment *by the employer and/or the insurer*. . . . Since three years have not elapsed from Mrs. Stroud's making the last payment of medical benefits, the provisions of :1209(C) are not applicable." In other words, as we appreciate her argument, Ms. Stroud urges that a medical payment made by anyone within three years from the last making of a payment of medical benefits prevents a claim for medical benefits from prescribing.

"The starting point for the interpretation of any statute is the language of the statute itself." *Boquet v. Tetra Techs., Inc.*, 02-1634, p. 7 (La. 2/25/03), 839 So.2d 13, 17. The function of the court is to interpret the law so as to give it the meaning which the legislature obviously intended it to have and not to construe it so as to give it an absurd or ridiculous meaning. *Savoie v. Rubin*, 01-3275, 01-3276 (La. 6/21/02), 820 So.2d 486. A statute must therefore be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the legislature had in enacting it. *Succession of Boyter*, 99-0761 (La. 1/7/00), 756 So.2d 1122.

We note that, although not directly addressing the issue at bar, the supreme court in *Boquet*, 839 So.2d at 14, 18, stated: "[T]he payment of indemnity benefits does not interrupt prescription on claimant's claim for medical benefits," and "only defendants' [*i.e.*, the employer and insurer] payment of medical benefits serves to interrupt the three-year prescriptive period established in La. R.S. 23:1209(C)." Indeed, La.R.S. 23:1209(C) is applicable by its express terms to "[a]ll claims for medical benefits payable pursuant to R.S. 23:1203." Louisiana Revised Statutes 23:1203(A) provides that, in all workers' compensation cases, "*the employer* shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal

2

. . . ." (Emphasis added.) Thus, La.R.S. 23:1209(C) applies to all claims for medical benefits that must be paid by the employer and that arise under the workers' compensation act. Louisiana Revised Statutes 23:1209(C) bars the claim for such expenses "unless within one year after the accident or death the parties have agreed upon the payments to be made *under this Chapter*, or unless within one year after the accident a formal claim has been filed with the office *as provided in this Chapter*." (Emphasis added.) This language further reinforces the statute's clear application in the workers' compensation context only. Further, "[w]here *such* payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits." *Id.* (emphasis added). Accordingly, when construing the statutory provision in its entirety, it is clear that it is only employer-paid medical benefits that trigger the three-year interruption in the running of prescription, not any payment of medical expenses by any person. Had the legislature intended otherwise, it could have clearly said so.

Moreover, the fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely and to protect the defendant from stale claims and from the loss or non-preservation of relevant proof. *Giroir v. S. La. Med. Ctr.*, 475 So.2d 1040 (La.1985); *Craig v. Bantek W., Inc.*, 03-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234. If any person could pay the work-related medical expenses and so trigger the three-year interruption in the running of prescription, a defendant could find itself in a position of never having economic and psychological security and never having protection from stale claims and from the loss of relevant proof.

3

In any event, Ms. Stroud asserts that Morrison is a solidary obligor with Medicare such that Medicare's payment of certain of her medical expenses interrupted prescription against Morrison. The WCJ rejected Ms. Stroud's assertion in this regard on the basis that the assertion was hearsay and that she presented no direct evidence that Medicare did in fact pay certain of her medical expenses.

"[W]hen the plaintiff's petition has clearly prescribed on its face . . . the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted." *Rizer v. Am. Sur. & Fid. Ins. Co.*, 95-1200, p. 3 (La. 3/8/96), 669 So.2d 387, 388. "The interruption of prescription against one solidary obligor is effective against all solidary obligors." *Id.* Pursuant to La.Civ.Code art. 3462, prescription is interrupted by the filing of a suit in a court of competent jurisdiction. *Id.* "[I]f the plaintiff's basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidarity exists." *Id.* at 388-89.

Other than Ms. Stroud's hearsay assertion, the record contains no evidence that Medicare paid any of her medical expenses associated with her work accident, nor does the record contain any evidence that Ms. Stroud filed suit against Medicare. Thus, even assuming, without deciding, that Medicare and Morrison were solidary obligors, Ms. Stroud failed to prove that prescription was interrupted against Medicare so as to interrupt it against Morrison.

Accordingly, for these reasons, we affirm the WCJ's ruling sustaining Morrison's exception of prescription,

Morrison has answered Ms. Stroud's appeal, seeking attorney fees for the filing of a frivolous appeal. Pursuant to La.Code Civ.P. art. 2164, we may award damages

4

for frivolous appeal. However, frivolous appeal damages are allowed only when it is obvious that the appellant took the appeal solely for the purpose of delay or that counsel is not sincere in the view of the law he advocates. *Broussard v. Union Pac. Res. Co.*, 00-1079 (La.App. 3 Cir. 1/31/01), 778 So.2d 1199, *writ denied*, 01-0589 (La. 4/27/01), 791 So.2d 118.

The circumstances of this case do not give rise to the conclusion that the appeal was taken solely for the purpose of delay or that Ms. Stroud's attorney was not sincere in the view of the law advocated. In fact, at the hearing on the matter before the WCJ, counsel for Morrison described Ms. Stroud's position as being a "[p]retty novel argument," and we find that, although not meritorious, her position was innovative.

## DISPOSITION

For the foregoing reasons, we affirm the WCJ's judgment in all respects and assess costs of this appeal to Imogene Stroud.

**AFFIRMED.**

This opinion is released as a Memorandum Opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).