STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1608


DAVID LEBLANC

VERSUS

LAFAYETTE CONSOLIDATED GOVERNMENT


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 2006-03028
HONORABLE SHARON MORROW
WORKERS' COMPENSATION JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and J. David Painter, Judges.


AFFIRMED.


**Lawrence C. Billeaud**
**Attorney at Law**
**706 W. University Avenue**
**Lafayette, LA 70506**
**(337) 266-2055**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **David LeBlanc**


**Marc D. Moroux**
**Mahtook & LaFleur, LLC**
**Post Office Box 3089**
**Lafayette, LA 70502**
**(337) 266-2189**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Lafayette Consolidated Government**

PETERS, J.

The plaintiff in this workers' compensation case, Lafayette City Police Officer David LeBlanc, appeals the workers' compensation judge's determination that his claim for medical benefits against his employer, the Lafayette Consolidated Government, had prescribed. For the following reasons, we affirm the judgment of the workers' compensation judge in all respects.

## DISCUSSION OF THE RECORD

There exists little dispute in the facts giving rise to this litigation. Officer LeBlanc injured his right eye in August of 1996. The accident occurred while he was in the course and scope of his employment with the Lafayette Consolidated Government.

In that same year, Officer LeBlanc underwent a cornea transplant in the right eye in an effort to repair the damage he sustained in the accident. The transplant surgery took place in New Orleans, Louisiana, and he received follow-up care from Dr. Harold LeDoux, an ophthalmologist in Lafayette, Louisiana. When Officer LeBlanc saw Dr. LeDoux on October 1, 2002, for his periodic examination, the doctor advised him that he should continue to have an annual checkup to check the condition of the transplant. The Lafayette Consolidated Government paid for the cornea transplant as well as the follow-up care provided by Dr. LeDoux as a workers' compensation claim. The last payment, made on February 5, 2003, represented payment for the October 1, 2002 consultation and examination.

Officer LeBlanc did not return to Dr. LeDoux for an annual checkup in October of 2003, nor did he seek evaluation with any other physician. In fact, the next time he saw a physician for difficulties with either eye was on August 2, 2004. On that day, he presented himself to Dr. LeDoux with a complaint of infection in the left eye.

During his examination of the left eye, Dr. LeDoux also examined the status of the cornea transplant in Officer LeBlanc's right eye. Officer LeBlanc did not seek payment of Dr. LeDeoux's charges through his employer's workers' compensation coverage. Instead, he completed an insurance claim form wherein he submitted the claim through his group health insurance coverage provided to him by the Lafayette Consolidated Government. In completing the claim form, he responded to the question "IS THIS A WORK RELATED INJURY?" by checking the "No" box. The claim form also had a section questioning whether the claimant had filed a workers' compensation claim. Officer LeBlanc left that section blank. The Lafayette Consolidated Government paid the claim through its group health plan.

In the early part of 2006, Officer LeBlanc began experiencing problems with his cornea replacement and returned to Dr. LeDoux for evaluation and treatment. The doctor saw Officer LeBlanc for his complaints five times, beginning on April 6, 2006, and ending on November 1, 2006. Ultimately, Officer LeBlanc's condition deteriorated to the point that he required a second cornea transplant. When the medical expenses were submitted to the Lafayette Consolidated Government as workers' compensation claims, all were denied. Instead, the Lafayette Consolidated Government paid the claims through its group health plan, leaving Officer LeBlanc with an unpaid balance of $3,690.69.

On May 12, 2006, Officer LeBlanc filed a disputed workers' compensation claim, alleging that his employer wrongfully denied him medical benefits and seeking payment of those benefits, penalties, and attorney fees. The Lafayette Consolidated Government responded to the claim with a peremptory exception of prescription. Citing La.R.S. 23:1209(C), it asserted that because more than three years had lapsed

2

since it paid the last medical expense under its workers' compensation coverage, Officer LeBlanc's claim for medical benefits had prescribed. Following a hearing on the exception, the workers' compensation judge (WCJ) agreed and granted its exception of prescription. Officer LeBlanc has appealed that determination, asserting two assignments of error:

1. The trial court committed legal error when it granted employer's exception of prescription, where it was undisputed that the employer paid for the medical treatment of a work related injury less than three years before the filing of this workers' compensation claim.

2. The trial court committed legal error insofar as it denied the claim for out of pocket medical expenses of the claimant, as well as the claim for penalties and attorney fees.

**OPINION**

Whether the trier of fact erred in granting a peremptory exception of prescription is a question of law. Thus, we review the WCJ's ruling on this issue to determine whether its decision was legally correct. *Trahan v. City of Crowley*, 07-266 (La.App. 3 Cir. 10/3/07), 967 So.2d 557, *writs denied*, 07-2462 (La. 2/15/08), 976 So.2d 185 and 07-2471 (La. 2/15/08), 976 So.2d 187.

The WCJ found that Officer LeBlanc's claim was prescribed under La.R.S. 23:1209(C), which provides:

> All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. *Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.*

(Emphasis added.)

3

The record establishes without dispute that the last payment by the Lafayette Consolidated Government under its workers' compensation coverage was made February 5, 2003. Thus, more than three years had lapsed since that payment and the April 6, 2006 visit by Officer LeBlanc to Dr. LeDoux. This fact notwithstanding, Officer LeBlanc argues that the payments under the group health plan provided to him by his employer constitute a "payment of medical benefits" within the meaning of La.R.S. 23:1209(C). We disagree.

The supreme court has consistently held that "[t]he starting point for the interpretation of any statute is the language of the statute itself." *Boquet v. Tetra Techs., Inc.*, 02-1634, p. 7 (La. 2/25/03), 839 So.2d 13, 17. The function of the court is to interpret the law so as to give it the meaning that the legislature obviously intended it to have and not to construe it so as to give it an absurd or ridiculous meaning. *Savoie v. Rubin*, 01-3275, 01-3276 (La. 6/21/02), 820 So.2d 486.

In looking at the language of La.R.S. 23:1209(C), we initially note that it relates specifically to claims for medical benefits that might be payable pursuant to La.R.S. 23:1203—the statute that establishes an employer's obligation in workers' compensation to pay an injured employee's medical expenses. Thus, when La.R.S. 23:1209(C) speaks of "such payments" made or not made within the three year prescriptive window, it refers to payments made pursuant to an employer's obligation under the Louisiana Workers' Compensation Act, and not to payments such as those made here pursuant to a group health plan. *See Blanchard v. Liberty Mut. Ins. Co.*, 280 So.2d 592 (La.App. 3 Cir. 1973). Because the Lafayette Consolidated Government last paid benefits under its workers' compensation obligation on

4

February 5, 2003, Officer LeBlanc's claims for payment of medical benefits due under workers' compensation prescribed on February 5, 2006.

We affirm the WCJ's grant of the exception of prescription. Because we do so, we do not need to address Officer LeBlanc's second assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the workers' compensation judge granting the exception of prescription filed by the Lafayette Consolidated Government and dismissing the claims of the plaintiff, David LeBlanc. We assess all costs on appeal to David LeBlanc.

**AFFIRMED.**