KUHN, J.
| pClaimants-appellants, employer Winn-Dixie Louisiana and Sedgwick Claims Management (collectively Winn-Dixie),[1] appeal a judgment of the Office of *803 Workers’ Compensation (OWC), which sustains an exception raising the objection of prescription filed by healthcare provider-appellee, Physicians Surgical Specialty Hospital (Physicians), and dismisses the employer’s claims for reimbursement of overpaid medical benefits. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
It is undisputed that Winn-Dixie’s employee, Esther Lirette, was injured in the course and scope of her employment and sought medical treatment from Physicians in March 2007. The parties agree that Winn-Dixie reimbursed Physicians for Lirette’s medical treatment an amount significantly less than the total billed by Physicians, and that Physicians thereafter requested additional payment from Winn-Dixie, urging that the services rendered to Lirette qualified as an outlier reimbursement.[2] On November 26, 2007, Winn-Dix-ie paid Physicians an additional $24,770.45 for a total payment of $33,613.45 for Lir-ette’s medical treatment.
In July 2008, through its agent Bonnie Saucier, a medical cost analyst from RN Recovery, Inc., Winn-Dixie advised Physicians that it had been overpaid and requested reimbursement in the amount of $24,680.45. This amount was calculated based on Winn-Dixie’s conclusion that Physicians did not meet the criteria for outlier reimbursement and, therefore, was entitled under the Louisiana Workers’ IgCompensation fee schedule to payment of the per diem plus the cost of implants and a mark-up of 20%.
On March 25, 2009, a letter addressed to Physicians, but directed to Saucier’s attention from the Louisiana Workforce Commission (LWC), advised that although Winn-Dixie’s outlier special reimbursement consideration appeal had been received “it has been determined that you have failed to meet the required time frame.” As such, LWC denied Winn-Dix-ie’s request. But LWC expressly noted, “If the file had been submitted before required deadline, it is the opinion of [LWC] that the provider has failed to meet the criteria for outlier reimbursement.” LWC stated its “recommendation would be inpatient surgical per diem, plus implant reimbursement.” The letter advised, “If any party disagrees with this recommendation, a formal dispute may be filed” with OWC.
Email correspondence between Winn-Dixie, through its representative Saucier, and LWC, through its representative Brenda Ortego, resulted in another letter from LWC to Physicians, directed again to Saucier’s attention, dated April 16, 2009. This later letter simply restated the same recommendation set forth in the March 25, 2009 correspondence but without discussion of the timeliness of the outlier special reimbursement consideration appeal. Any party disagreeing with the recommendation was advised of its rights to file a formal dispute with OWC.[3]
*804 On April 21, 2009, and again on August 1, 2011, Winn-Dixie made demand from Physicians for the overpayment to no avail. On June 8, 2012, Winn-Dixie filed pthis disputed claim, urging entitlement to recovery of overpayment in the amount of $24,680.45.
Physician’s answered the lawsuit and filed a peremptory exception raising the objection of prescription. After a hearing, OWC sustained the exception of prescription and dismissed Winn-Dixie’s claim. This appeal followed.
DISCUSSION
La. R.S. 23:1310.3F provides in relevant part, “Except as otherwise provided ..., the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including ... employer demands for recovery for overpayment of benefits.” According to La. R.S. 23:1034.2F(1), should a dispute arise between a healthcare provider and the employer, either party may submit the dispute to OWC “in the same manner and subject to the same procedures as established for dispute resolution of claims for workers’ compensation benefits.”
Prescriptive limitations relate to the remedy and are usually treated as procedural. See Falgout v. Dealers Truck Equipment Co., 98-3150 (La.10/19/99), 748 So.2d 399, 407. As such, under La. R.S. 23:1034.2F(1), when Winn-Dixie filed the dispute against Physicians in the OWC, it was “subject to the same procedures” as any other OWC claimant and, therefore, subject to the prescriptive periods set forth in Louisiana Workers’ Compensation Law. Accord LAC 40:5701A (prescription periods shall be as set forth in La. R.S. 23:1031.l.E, F, I, 1209, and 1234; and because this claim for reimbursement of overpayment of medical benefits by an employer to a healthcare provider does not apply to a claim for an occupational disease or of a minor or incompetent, the only applicable prescription period is as set forth in La. R.S. 23:1209).
La. R.S. 23:1209 addresses the prescriptive periods for workers’ compensation claims, stating in relevant part:
IsA. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
(2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment....
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the *805 office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Winn-Dixie urges that the jurisprudence has limited application of the one-year prescriptive period under Subsection A(2) to the payment of indemnity benefits, therefore, only Subsection C can apply. Winn-Dixie further asserts that because it seeks recovery of overpayment of medical benefits, its claim is not one for medical benefits “payable pursuant to R.S. 28:1203,”[4] urging that as set forth in Subsection C such claims are limited to medical benefits asserted by the injured employees.
16Winn-Dixie has correctly pointed out that Subsection A has been applied to indemnity benefits, see Boquet v. Tetra Technologies, Inc., 2002-1634 (La.2/25/03), 839 So.2d 13, 15 n. 2, and that Subsection C expressly references, “[A]ll claims for medical benefits payable pursuant to R.S. 23:1203.” But because this claim arises out of the original payment of medical benefits by the employer pursuant to La. R.S. 23:1203, and mindful of the overarching jurisdictional provision of La. R.S. 23:1034.2F(1) providing that the dispute to OWC be made “in the same manner and subject to the same procedures as established for dispute resolution of claims for workers’ compensation benefits,” we hold that Winn-Dixie had “until the expiration of three years from the time of making the last payment of medical benefits” to timely assert its claim. See La. R.S. 23:1209C; see also Baton Rouge General Med. Ctr. v. Louisiana Rest. Ass’n, Self Insurers Serv. Bureau, 2010-2197 (La.App. 1st Cir. 3/14/12), 91 So.3d 1046, 1048 (where a plurality of this court determined that the applicable prescriptive period for a healthcare provider’s claim for penalties and attorney fees against the claimant’s employer was the same three-year prescriptive period that is applicable to its timely-filed underlying claim for medical benefits); accord St. Tammany Parish Hosp. v. Trinity Marine Products, Inc., 2010-1481 (La. App. 1st Cir. 2/16/12), 91 So.3d 985, 991 (in which an en banc plurality of this court likewise reasoned that the applicable prescriptive period for a healthcare provider’s claim for penalties and attorney fees against the claimant’s employer was the same three-year prescriptive period that is applicable to its timely-filed underlying claim for medical benefits).
Winn-Dixie overpaid Physicians on November 26, 2007, but did not file this *806 claim for overpayment until June 6, 2012, well after the three-year period set forth |7in La. R.S. 23:1209C. Thus, OWC correctly determined that Winn-Dixie’s claim for recovery of overpayments for medical benefits is prescribed.[5]
DECREE
For these reasons, we affirm the OWC judgment, sustaining the peremptory exception raising the objection of prescription and dismissing Winn-Dixie’s claims as untimely. Appeal costs are assessed against Winn-Dixie Louisiana and Sedg-wick Claims Management.
AFFIRMED.
THERIOT, J., dissents and will assign reasons.

. In the original disputed claim form, Sedg-wick Claims Management (Sedgwick) was identified as the Administrator for Winn-Dix-ie Louisiana (Winn-Dixie); but elsewhere in the record, Winn-Dixie represented that Sedgwick was its workers’ compensation carrier. Because the record fails to distinguish the role each of these parties has relative to each other and in accordance with Winn-Dixie's assertions both before OWC and in this court, we refer to these parties collectively as the employer.

. An outlier is a statistical anomaly and permits special reimbursement consideration in cases that are atypical. See Winn-Dixie Louisiana v. HCA Mgmt. Services, L.P., 2010-2205 (La.App. 1st Cir. 6/10/11), 68 So.3d 1187, 1190; see also LAC 40:2519 (establishing outlier reimbursement).

. Winn-Dixie claims that it attempted to comply with the procedure set forth in LAC 40:5149, entitled "Reconsideration of Disputed Reimbursements,” and that, in response, the Louisiana Workforce Commission (LWC) applied the provisions of LAC 40:5149 to Winn-Dixie as employer although the plain language of the rule addresses claims by healthcare providers. See and compare Winn-Dixie Louisiana, 68 So.3d at 1190 (finding no error in the application of the provisions of LAC 40:2519, establishing outlier re *804 imbursement to the employer's claim despite the plain language addressing a procedure to claims by providers). Winn-Dixie via Saucier in email correspondence challenged the applicability of the procedure set forth in LAC 40:5149, in particular the time limitation, to it since it was an employer rather than a healthcare provider and despite Winn-Dixie's initiation of that procedure. Although at the OWC hearing that Winn-Dixie suggested it was enforcing the final ruling issued by LWC, OWC concluded that LWC's authority was limited to "a recommendation” and, therefore, not subject to enforcement. On appeal, the parties have not challenged that OWC determination.

. La. R.S. 23:1203 provides in pertinent part:
A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any non-medical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services....
B. The obligation of the employer to furnish such care, services, treatment, drugs, and supplies ... is limited to the reimbursement ... as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less....
C. The employer shall furnish to the employee the necessary cost of repair to or the replacement of any prosthetic device damaged or destroyed by accident in the course and scope and arising out of such employment. ...
D. In addition, the employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services ... and for the vocational rehabilitation-related mileage by the employee at the direction of the employer.

. On appeal, Winn-Dixie asserts for the first time that it is entitled to recovery of the overpayment under a theory of unjust enrichment. This issue was not raised before OWC and therefore, is not properly before this court. See East Tangipahoa Dev. Co., LLC v. Bedico Junction, LLC, 2008-1262 (La.App. 1st Cir. 12/23/08), 5 So.3d 238, 246, writ denied, 2009-0166 (La.3/27/09), 5 So.3d 146.