PER CURIAM.
It At issue is whether the three-year prescriptive period set forth in La. R.S. 23:1209(0) applies to a claim by an employer to recover overpayment for medical services paid on behalf of an injured employee. For the reasons that follow, we conclude La. R.S. 23:1209(0 does not apply under these facts, and we therefore reverse the judgments below.
FACTS AND PROCEDURAL HISTORY
For purposes of this opinion, the facts are largely undisputed. In March 2007, Esther Lirette was injured in the course and scope of her employment with Winn-Dixie Louisiana (“Winn-Dixie”). As a result, Ms. Lirette sought treatment from Physicians Surgical Specialty Hospital (“Physicians”). Following treatment, Winn-Dixie reimbursed Physicians for Ms. Lirette’s medical treatment for a reduced amount of the total bill. Thereafter, Physicians requested additional payment from Winn-Dixie, and maintained the services rendered to Ms. Lirette qualified as an *1130 outlier reimbursement.[1] On November 26, 2007, Winn-Dixie paid Physicians an additional $24,770.45, for a total payment of $38,613.45.
|2In July 2008, Winn-Dixie advised Physicians that this case did not meet the criteria for outlier reimbursement, and as a result, it had overpaid Ms. Lirette’s medical bill by $24,680.45. Physicians refused the demand for a refund.[2]
On June 8, 2012, Winn-Dixie filed a disputed claim for compensation against Physicians with the Office of Workers’ Compensation (“OWC”), seeking recovery of the overpayment in the amount of $24,680.45. In response, Physicians filed an exception of prescription pursuant to La. R.S. 23:1209(0, arguing Winn-Dixie’s claim is subject to the three-year prescriptive period. Because the alleged overpayment was made in 2007, Physicians argued Winn-Dixie’s 2012 claim was prescribed.
After a hearing, the OWC granted the exception and dismissed Winn-Dixie’s claim. Winn-Dixie appealed. The court of appeal affirmed in a split decision. Winn-Dixie Louisiana v. Physicians Surgical Specialty Hospital, 13-0075 (La.App. 1 Cir. 10/18/13), 136 So.3d 801. One judge dissented, finding La. R.S. 23:1209(0 was inapplicable in this case.
Winn-Dixie then sought review in this court. The sole error assigned by Winn-Dixie is that the prescriptive period set forth La. R.S. 23:1209 does not apply to the facts of this case.
DISCUSSION
The starting point in the interpretation of any statute is the language of the statute itself. Moreno v. Entergy Corp., 12-0097, p. 12 (La.12/4/12), 105 So.3d 40, 48. Words and phrases shall be read in context and shall be construed according to the common and approved usage of the language. La. R.S. 1:3. The meaning and intent of a law is determined by considering the law in its entirety, and by placing a construction on the law that is consistent with the express terms of the law, and with the obvious intent of the legislature in enacting the law. Moreno, 12-0097 at 12, 105 So.3d at 48.
By its terms, La. R.S. 23:1209(C) sets forth the prescriptive period for “claims for medical benefits payable pursuant to R.S. 23:1203.” La. R.S. 23:1203 addresses the employer’s obligation to provide medical care and services to an injured employee. On its face, Winn-Dixie’s claim for recovery of an overpayment is not a claim for “medical benefits payable pursuant to R.S. 23:1203.”
We further find this conclusion is supported by the case law interpreting La. R.S. 23:1209. While this precise issue presented in the case at bar is res nova, the jurisprudence has long recognized that the purpose of La. R.S. 23:1209 is to protect the employer from stale claims by the employee. Landreneau v. Liberty Mutual Ins. Co., 309 So.2d 283 (La.1975); Adams v. Cajun Disposal, 96-1304 (La.App. 1 Cir. 3/27/97), 691 So.2d 296. Clearly, this pur *1131 pose is not served by applying the statute to a claim made by the employer against a medical provider for overpayment. Therefore, we find La. R.S. 23:1209 is inapplicable in this context.
Having found La. R.S. 23:1209 does not apply to the instant case, we are unable to find any other specific prescriptive provisions of the Workers’ Compensation Law which would govern this dispute. Therefore, we find the applicable prescriptive period is the general ten-year prescription set forth in La. Civ.Code art. 3499. See Lester v. Southern Cas. Ins. Co., 466 So.2d 25 (La.1985) (holding that when no provision of the Worker’s Compensation Law provides a |4specific prescriptive period for a claim, the claim is governed by the general ten-year prescriptive period).
Applying the ten-year prescriptive period, it is clear Winn-Dixie’s claim is timely. Accordingly, we must reverse the judgment of the court of appeal, deny the exception of prescription, and remand the case to the OWC for further proceedings.[3]
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The exception of prescription is hereby denied. The case is remanded to the Office of Workers’ Compensation for further proceedings.

. Louisiana Administrative Code 40:2519 provides for special reimbursement for medical cases that are "outliers,” such as cases causing unusually high charges when compared to the provider’s usual case mix.

. In March 2009, Winn-Dixie filed an administrative appeal with the Louisiana Workforce Commission ("LWC”). On March 25, 2009, the LWC denied the request, stating “it has been determined that you have failed to meet the required time frame." However, the LWC noted that if the request had been submitted timely, it would have found "that the provider has failed to meet the criteria, for outlier reimbursement.” Following the LWC’s action, Winn-Dixie made demand on Physicians on April 21, 2009, and again on August 1, 2011, but Physicians continued to deny the request for a refund.

. We express no opinion concerning the merits of Winn-Dixie’s reimbursement claim.