728 So.2d 1019 (1999)
Joel FRENTRESS, Plaintiff-Appellant,
v.
Shane HOWARD and D.L. Trainer, Defendants-Appellees.
No. 31,609-CA
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
*1020 Wiener, Weiss & Madison by James R. Madison, Shreveport, Counsel for Appellant.
Robert A. Booth, Jr., Shreveport, Counsel for Appellees.
Before STEWART, PEATROSS & DREW, JJ.
PEATROSS, J.
In this redhibition action, Plaintiff, Joel Frentress ("Plaintiff"), sued to rescind the sale of a used Jeep which he allegedly purchased from Defendants, Shane Howard and D.L. Trainer ("Defendants"). The trial court granted recision and awarded Plaintiff the purchase price, costs of repairs, reimbursement of sales tax and title fee expenses and attorney fees in the amount of $2,000. Plaintiffs award, however, was subject to a credit to Defendants for Plaintiffs use of the Jeep during his ownership. Plaintiff appeals the portion of the trial court's ruling which gave Defendants credit for use of the Jeep and the award of $2,000 in attorney fees.
Defendants answered the appeal raising three assignments of error. Two of the assignments were not briefed by Defendants and are, therefore, considered abandoned on appeal.[1] Defendants' third assignment of error challenges the trial court's award of attorney fees to Plaintiff. For the reasons stated herein, we amend the judgment of the trial court and, as amended, affirm.

FACTS
On June 24, 1996, Plaintiff purchased a used Jeep for $5,500 plus sales tax and title fees. Title to the Jeep was held by Shane Howard. D.L. Trainer was Shane's grandfather/agent and actually conducted the negotiations and sale of the Jeep to Plaintiff. The Jeep had been purchased by Defendants under a salvage title.[2] D.L. Trainer subsequently reconstructed the Jeep and Shane Howard drove it for a period of time. Three to four days after the sale of the Jeep to Plaintiff, the air conditioner failed. Less *1021 than one month later, the transmission failed and had to be completely overhauled. A few days after the transmission work was completed, the carburetor filled with charcoal from a ruptured charcoal canister and had to be rebuilt. A week after the carburetor was repaired, the electrical system malfunctioned. Plaintiff attempted to trade the Jeep for another vehicle at a local dealership, but could not because it was reconstructed. Plaintiff then tendered the Jeep back to Defendants and requested the return of his money; however, Defendants refused the tender. Thereafter, in addition to several other minor problems, in September 1997, the drive shaft fell off the Jeep and it had to be towed in for repair.
The trial court granted recision and ordered the return of the purchase price of $5,500 to Plaintiff subject to a credit to Defendants for the value of Plaintiff's use of the Jeep during the Plaintiffs ownership. The trial court, on its own motion, took judicial notice of the IRS per mile rate expense allowance of 31.5¢ per mile and, based on the 17,000 miles Plaintiff had driven the Jeep, credited Defendants $5,355. The trial court also awarded Plaintiff $1,863.22 for repairs and reimbursement in the amount of $498.58 for sales tax and title fees, making the net award to Plaintiff $2,506.80. The trial court did not award attorney fees at that time.
Plaintiff filed a motion for new trial. In its opinion on the motion, the trial court amended its judgment to award Plaintiff $2,000 in attorney fees, but did not change its ruling regarding the credit to Defendants.

DISCUSSION

Credit for Plaintiff's use of the Jeep
In his first assignment of error, Plaintiff asserts that the trial court erred in awarding Defendants a credit for his use of the Jeep because (1) Defendants did not seek entitlement to a credit, in their pleadings or otherwise, and (2) Defendants offered no evidence of the value of Plaintiff's use of the Jeep. We agree.
While it is true that La. C.C. art. 2531 provides that a seller shall receive a "credit for the value of any fruits or use which the purchaser has drawn" from the property, it is well-established in our jurisprudence that the defendant/seller must plead entitlement to a credit and the defendant/seller who asserts such entitlement bears the burden of proving the value of the use of the defective thing. Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978); Bingham v. Ryan Chevrolet-Subaru, Inc., 29,453 (La.App.2d Cir.4/2/97), 691 So.2d 817; Holloway v. Gulf Motors, Inc., 588 So.2d 1322 (La.App. 2d Cir.1991); Brannon v. Boe, 569 So.2d 1086 (La.App. 3d Cir.1990); Alleman v. Hanks-Pontiac-GMC, Inc., 483 So.2d 1050 (La.App. 1st Cir.1985). In Alexander, supra, the supreme court explained a defendant/seller's entitlement to a credit for use of a thing having a redhibitory defect:
A credit for a purchaser's use of a product may be proper in certain instances.... Compensation for the buyer's use, however, ought not be granted automatically by the courts; even the value of an extensive use may be overridden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller's attempts to repair.
In the instant case, Defendants failed to plead entitlement to a credit for Plaintiff's use of the Jeep. Rather, the trial court, on its own, chose to award the credit; and, in the absence of any evidence as to the monetary value of such use, took judicial notice of the IRS per mile rate expense allowance of 31.5¢ per mile.
On appeal, Defendants now argue that the evidence at trial expanded the pleadings to include their entitlement to a credit; however, our review of the record discloses nothing which would expand the pleadings as Defendants suggest. The general rule is that pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any other issue raised by the pleadings and, hence, would have been excluded if objected to timely. La. C.C.P. art. 1154; Cooper v. Borden, Inc., 30,292 (La.App. 2d Cir.2/25/98), 709 So.2d 878. Defendants maintain that the evidence showing that Plaintiff put 17,000 miles on the Jeep *1022 during his ownership is sufficient to expand the pleadings and to justify the trial court's award of a credit for that use. We disagree. Our reading of the transcript convinces us that Defendants offered the evidence of the mileage accumulated by Plaintiff to rebut Plaintiff's claim that the Jeep was defective. Since the evidence was pertinent to the issue of the defective condition of the Jeep and would not have been excluded if Plaintiff had timely objected to its introduction, the evidence is not sufficient to expand the pleadings as provided in La. C.C.P. art 1154. Once again, Defendants presented absolutely no evidence of the value of those 17,000 miles to Plaintiff. Moreover, the Jeep represented Plaintiff's sole means of transportation; and, in light of the litany of breakdowns and repairs which plagued this vehicle within a relatively short period of time following Plaintiff's purchasing it, we conclude that Plaintiff's attempted use of the Jeep was certainly inconvenient and aggravating to him. Since Defendants failed to plead entitlement to a credit and offered no evidence to establish the value of the use of the Jeep to Plaintiff, we find that the trial court was clearly wrong in awarding the credit to Defendants.

Attorney fees
Since Defendants, by way of their answer to the appeal, challenge the award of attorney fees, we will first address that issue before discussing Plaintiff's complaint regarding the amount of such award. Defendants' argument seems to be based on the premise that the trial court erred in finding that D.L. Trainer was a manufacturer of the Jeep, because he had reconstructed the vehicle; and pursuant to La. C.C. art. 2545, he was deemed to be in bad faith and subject to an award of attorney fees to Plaintiff.[3] Defendants assert that they successfully defended themselves against a finding of bad faith; therefore, it was error to award attorney fees to Plaintiff. Defendants' argument is without merit. A manufacturer is conclusively presumed to have knowledge of defects in the object it produces. Young v. Ford Motor Co., Inc., 595 So.2d 1123 (La.1992). Since the manufacturer's knowledge is conclusively presumed, the manufacturer "is deemed to be in bad faith in selling a defective product ... [and] is liable to a buyer for damages and attorney's fees in addition to the purchase price and expenses occasioned by the sale...." Id. quoting Cox v. Lanier Business Products, Inc., 423 So.2d 690 (La. App. 1st Cir.1982), writ denied, 429 So.2d 129 (La.1983). We find, therefore, that the trial court properly awarded attorney fees.
Regarding Plaintiff's complaint concerning the amount of attorney fees awarded, Plaintiff submits that the award of $2,000 in attorney fees is abusively low in light of his counsel's 20 years of trial experience and his AV rating in Martindale Hubbell. An award of attorney fees must be reasonable based on the degree of skill and work involved in the case, the number of court appearances, the depositions, the office work and the time spent in court. Henton v. Walker & Wells Contractors Inc., 25,821 (La.App.2d Cir.5/4/94), 637 So.2d 672, writ denied, 94-1491 (La.9/23/94), 642 So.2d 1295. On appeal, an additional factor to be considered is the time expended on the appeal. Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (La. 1990).
Plaintiff's counsel submitted an affidavit and computer summary of the hours expended and expenses charged to Plaintiff during the prosecution of Plaintiff's case. The evidence reveals that Plaintiff's counsel conducted initial interviews with the client; prepared demand letters; conducted legal research; prepared the petition; attended depositions of Plaintiff, D.L. Trainer and an expert witness; interviewed two additional expert witnesses who testified at trial; prepared a pre-trial memorandum; prepared for and attended the trial; and prepared a posttrial and reply memorandum. There were additional expenses associated with the motion for new trial which Plaintiff did not *1023 include in his request because they were not presented to the trial court in affidavit form. A review of the record convinces us that Plaintiff's counsel invested a significant amount of time in this matter, both in and out of court, and that while the award of attorney fees is covered by the manifest error standard, the trial court abused its discretion in awarding only $2,000 in attorney fees. Accordingly, the award of attorney fees is increased to $3,000, plus an additional $500 for work associated with the appeal.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is amended to delete the credit to Defendants for Plaintiff's use of the Jeep, without disturbing the award of full purchase price in the amount of $5,500, costs of repairs in the amount of $1,863.22 and reimbursement of tax and title fees in the amount of $498.58, making the total award to Plaintiff $7,861.80. In addition, the award of attorney fees is increased to $3,500. All costs are assessed to Defendants.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The first two assignments of error contained in Defendants' answer (which were not briefed) challenged the trial court's granting of recision of the sale of the Jeep and the award of costs of repairs to Plaintiff, respectively.
[2] A salvage title indicates that the vehicle is being sold for parts only.
[3] The trial court found Shane Howard liable in solido with D.L. Trainer for return of purchase price and damages. Only Mr. Trainer, however, was to be considered a manufacturer for the award of attorney fees. While such ruling is legally inconsistent, because only a manufacturer is liable for attorney fees, there was no appeal from that ruling.