873 So.2d 886 (2004)
Debra W. LINOSKI and Alex M. Linoski, Plaintiffs-Appellants
v.
FLEETWOOD HOMES OF TEXAS, #12, Fleetwood Enterprises, Inc., and Brewer's Quality Homes, Inc., Defendants-Appellees.
No. 38,338-CA.
Court of Appeal of Louisiana, Second Circuit.
May 12, 2004.
*887 Mills, Turansky & Cox by David C. Turansky, Shreveport, for Appellants.
Gold, Weems, Bruser, Sues & Rundell by Robert G. Nida, Alexandria, for Appellees, Fleetwood Homes of Texas, # 12 and Fleetwood Enterprises, Inc.
Joseph M. Clark, Sr., for Appellee, Brewer's Quality Homes, Inc.
Before STEWART, GASKINS and DREW, JJ.
STEWART, J.
At issue in this appeal is whether an award of attorney's fees in a successful redhibition action should be increased. Finding that the trial court abused its discretion in awarding only $2,500.00 in attorney's fees, we amend the judgment to increase the award as set forth herein.

FACTS
In this appeal, the plaintiffs, Debra and Alex Linoski, seek an increase in the award of attorney's fees granted in their successful redhibition action against the defendant, Brewer's Quality Homes, Inc., (Brewer's). The plaintiffs' suit stems from their purchase of a mobile home from Brewer's. The manufacturer of the mobile home, Fleetwood Homes of Texas, #12, and its parent corporation, Fleetwood Enterprises, Inc., were also named as defendants in the suit.
In a written ruling following a bench trial, the trial court denied the plaintiffs' redhibition claim against the two Fleetwood defendants. However, the trial court granted the plaintiffs' redhibition claim against Brewer's and ordered Brewer's to refund the entire purchase price minus rental value for the period of the plaintiffs' possession of the home. Judgment was rendered in favor of the plaintiffs and against Brewer's for the sum of $39,010.00, less a credit of $7,950.00 representing the rental value. Plaintiffs were also awarded attorney's fees of $2,500.00 and costs of the proceedings.
Seeking an increase in the amount of attorney's fees and an award for legal interest, the plaintiffs filed a motion for new trial and rule to tax costs. The claim for an increase in attorney's fees was supported by billing records and the affidavit of Sarah U. Richardson, office manager for Mills, Turansky, & Cox, the firm of plaintiffs' counsel, David C. Turansky. In her affidavit, Richardson attested to the correctness of Turansky's billing records showing total fees of $11,850.00 billed for 79 hours of attorney time at $150.00 an hour and expenses of $1,160.25. The trial court granted the motion to award legal interest on the judgment but denied an increase in attorney's fees. This appeal followed.

DISCUSSION
The plaintiffs argue that the trial court abused its discretion in awarding only $2,500.00 in attorney's fees and in failing to award expenses. They further argue that the trial court failed to consider evidence concerning the amount of time and expense incurred by plaintiffs' counsel in litigating this matter. The plaintiffs admit that they did not introduce evidence regarding attorney's fees at trial, other than the fact that they obtained legal counsel at $150 per hour, because they believed it inappropriate to address the issue until the trial court determined that an award of *888 attorney's fees would be appropriate. They expected that the amount of attorney's fees, once such an award was determined to be appropriate, would be triable by a rule to show cause as provided by La. C.C.P. art. 2592(1).[1] Plaintiffs assert that the amount of attorney's fees is not sufficient to meet the goal of such an award in a redhibition case, i.e., restoring the purchaser to the condition he or she enjoyed prior to the sale. Brewer's neither answered the appeal nor filed a brief.
A successful plaintiff in an action for redhibition may recover reasonable attorney's fees incurred in bringing the action if the seller knew or should have known of the defect in the object or thing that was the subject of the sale. La. C.C. art. 2545; Dailey v. The Home Furnishings Store, XXXX-XXXX (La.App. 4th Cir.9/17/03), 857 So.2d 1051. However, a trial court has great discretion in awarding attorney's fees in a redhibition case. Philippe v. Browning Arms Company, 395 So.2d 310 (La.1980).
An award of attorney's fees must be reasonable, based upon the degree of skill and work involved in the case, the number of court appearances, the depositions, and the office work involved. Gaston v. Bobby Johnson Equipment Co., Inc., 34,028 (La.App.2d Cir.11/03/00), 771 So.2d 848; Frentress v. Howard, 31,609 (La.App.2d Cir.2/24/99), 728 So.2d 1019. Reasonableness of attorney's fees is determined by the factors set forth in Rule 1.5(a) of the Rules or Professional Conduct, which include: (1) the time and labor required, the novelty or difficulty of the issues, and the skill required to properly perform the legal services; (2) the likelihood, if apparent to the client, that the matter will preclude other employment; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and results obtained; (5) the time limitations involved by the client or circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer; and (8) whether the fee is fixed or contingent.
Evidence to be considered in awarding attorney's fees is addressed in La. R.S. 13:3738, which provides as follows:
In any claim for attorney fees, whether by main, incidental demand, or rule nisi, or otherwise, the court shall allow the introduction of all admissible evidence, in accordance with law, including real and documentary evidence and testimony, and shall allow oral and written argument in support thereof, and such evidence, testimony and argument shall be considered by the court in rendering judgment on the demand.
The trial testimony of Alex Linoski established that the plaintiffs contracted with counsel for legal services at a rate of $150 an hour, discounted from $165 an hour. The contract was introduced into evidence and shows the agreed upon hourly fee. Specifics regarding the services provided were not addressed at trial. The trial court's ruling does not provide any guidance as to why the court set the award at $2,500.00, an amount we find to be unreasonably low on the basis of this record. Review of the record reveals the substantial time and labor expended by counsel in representing the plaintiffs and litigating this matter. In addition to preparing the petition and filing the suit, *889 counsel successfully asserted a motion to strike an affirmative defense, prepared interrogatories, took depositions of witnesses, attended an inspection of the mobile home, tried the case, and prepared a post-trial brief. The billing records also show that counsel was diligent in maintaining contact with his clients about the case.
In the motion for new trial, the plaintiffs offered the billing records of their counsel supported by the affidavit of the office manager to verify that counsel expended 79 hours of work for a total fee of $11,850.00 and incurred expenses in the amount of $1,160.25. There is nothing in the record to suggest that this fee is unreasonable or to question the services performed and time expended by counsel on behalf of the plaintiffs. Moreover, Brewer's has not opposed this matter on appeal by either answering the appeal or filing a brief.
A trial court has great discretion in ruling on a motion for a new trial, and its decision will not be disturbed absent an abuse of that discretion. Davis v. Wal-Mart Stores, Inc., XXXX-XXXX (La.11/28/00), 774 So.2d 84, rehearing denied, XXXX-XXXX (La.6/1/01), 785 So.2d 819. In this instance, we find that the trial court abused its discretion in denying the motion for a new trial and in failing to increase the amount of attorney's fees awarded. An award of only $2,500.00 is not sufficient to compensate counsel for the time and expertise expended on this matter. The record demonstrates the sound quality of legal services provided on behalf of the plaintiffs, the thoroughness of counsel's preparation, and the good outcome obtained through counsel's efforts. In a redhibition action, reasonable attorney's fees should be awarded to justly compensate plaintiffs who succeed in establishing liability on the part of the seller or manufacturer under La. C.C. art. 2545. An award of attorney's fees encourages both plaintiffs to pursue meritorious redhibition actions and attorneys to represent plaintiffs with solid claims. Moreover, an award of attorney's fees in addition to damages discourages sellers and manufacturers from selling shoddy, defective products in the marketplace.
Based on this record, we find that plaintiffs established the amount of attorney's fees incurred, and we find that amount to be reasonable. For these reasons, we award attorney's fees ($11,850.00) and expenses ($1,160.25) totaling $13,010.25. Also, as requested by plaintiffs and considering the additional effort and time expended in the appeal of this matter, we award an additional $1,000.00 in attorney's fees. Accordingly, the trial court's judgment is amended to award total attorney's fees and expenses of fourteen thousand ten dollars and twenty-five cents ($14,010.25). Costs assessed to the defendant, Brewer's Quality Homes, Inc.
AMENDED.
NOTES
[1] La. C.C.P. art. 2592(1) provides as follows:

Summary proceedings may be used for trial or disposition of the following matters only:
(1) An incidental question arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney's fees.