924 So.2d 488 (2006)
Louis L. MINSKY, R.PH., d/b/a Minsky's Drug Store, Plaintiff-Appellant,
v.
Mark W. SHUMATE in his capacity as Sheriff of East Carroll Parish, Defendant-Appellee.
No. 40,375-CA.
Court of Appeal of Louisiana, Second Circuit.
March 10, 2006.
*489 Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, III, Monroe, for Appellant.
Usry, Weeks & Matthews by Craig Edmond Frosch, New Orleans, for Appellee.
Before BROWN, WILLIAMS and DREW, JJ.
DREW, J.
The quantum of the attorney's fees awarded is the only issue on appeal. The judgment is affirmed.
Louis L. Minsky, a pharmacist in East Carroll Parish, objected to the method the sheriff used to purchase prescription drugs for prisoners in the parish jails. Minsky sued Sheriff Mark W. Shumate, seeking a declaration that the sheriff was violating the public bid laws by purchasing prisoners' prescriptions without a contract, by delaying bids for contracts, and by conducting illegal bid solicitations. At the conclusion of the trial, the trial judge granted Minsky mandatory injunctive relief concerning the sheriff's future bid solicitations.
Specifically, the judgment declared, in pertinent part, that the East Carroll Parish Sheriff:
 is required to abide by the Public Bid Law (La. R.S. 38:2211, et seq.) in buying prescription medicine for inmates, since the annual aggregate amount exceeded $20,000.
 violated La. R.S. 38:2211 by purchasing prescriptions after January 1, 2004, under a contract which expired December 31, 2003.
 is required to pay the plaintiff $2,500 in attorney's fees, "an amount deemed reasonable under the circumstances and commensurate with the nature of the violation."
 is enjoined to advertise immediately for purchase of prescription drugs under the Public Bid Law for a contract of not less than six months and that bids be based upon a fixed price index; to award a contract within thirty days *490 and to continue to purchase prescription drugs in accord with the Public Bid Law unless the court orders otherwise or the legislature changes the Public Bid Law.
Having incurred $10,256.77 in attorney's fees and expenses of $575.47, Minsky first sought a new trial limited to the issue of attorney's fees and then appealed that portion of the judgment regarding attorney's fees, seeking an increase from the $2,500 in attorney's fees and an award for appellate attorney's fees and costs.
In its oral reasons for judgment at the conclusion of the trial, the trial court stated since the aggregate purchases exceeded $20,000 in prescriptions per year, the Public Bid Law applied. Because the trial court found a violation of the Public Bid Law, the court awarded attorney's fees to Minsky.
The court noted that in a December 18, 2003, letter, the Attorney General advised the sheriff that the advertised prescription drug bid was a cost-plus bid prohibited under La. R.S. 38:2211 and that the bid should be canceled and a new bid scheduled. The trial court received no evidence of a timely re-advertisement or an extension of the contract which terminated December 31, 2003. The Attorney General sent a clarifying letter in February 2004, stating that if "acquisition cost" used in the bidding procedure referred to a fixed index cost so that all bidders used the same fixed cost index, the bid procedure would not be prohibited as a cost-plus bid and would be in compliance with the Louisiana Public Bid Law.
Although "rather technical in nature and not in the Court's view of earth-shattering substance," the violation of the Public Bid Law occurred. The bid packages advertised in April and June were not additional violations of the Public Bid Law, although the bids contained mistakes. Although it would have been "very cumbersome if not impossible," it may have been possible to have computed a lowest responsible bid. The trial court found no bad faith on the part of the sheriff or his office and no evidence of fraud. Although there were clearly hard feelings between the sheriff and Minsky, the court rejected the allegations that the sheriff deliberately delayed or issued faulty bid packages in an attempt to harm Minsky. Because the violation of the Public Bid Law was technical and unintentional, the court awarded attorney's fees of $2,500 which amount was not designed to fully reimburse the plaintiff for his attorney's fees.
The trial court denied Minsky's motion for new trial on the issue of attorney's fees with detailed written reasons for judgment. Minsky sought to be reimbursed for the entire amount of his attorney's fees and expenses which were submitted by affidavit by agreement of the parties. The trial court agreed with Minsky that attorney's fees must be reasonable, based upon the degree of skill and work involved, and the number of court appearances along with the depositions and office work involved. The trial judge observed that Minsky's lawyer could not be more skillful or diligent and charged appropriate fees for work related to this litigation.
The trial court stated that:
 The only violation of the Public Bid Law triggering an award of attorney's fees under La. R.S. 38:2220.4(B)(1) was the failure of the sheriff to get a contract in place by January 1, 2004, to purchase inmate's prescriptions.
 The sheriff continued to operate under the expired contract after January 1, 2004, and attempted in April and June 2004 to institute a "menu based bid procedure, ostensibly to save taxpayer dollars."

*491  Notwithstanding testimony from both sides that the actions of the opposition were motivated by personal animosity, the trial court found that the sheriff was not in bad faith in trying to hurt Minsky.
In denying a new trial on the issue of attorney's fees, the trial court stated that:
". . . this violation of the public bid law was narrow in scope and to reimburse the plaintiff in full for attorney's fees incurred in litigation involving primarily a struggle between the Sheriff who desired to institute a menu bid procedure and the plaintiff who sought to defeat this procedure seems inequitable and unreasonable. The public bid law violation found by this court occurred on January 1, 2004. The litigation which followed was broader than the cause of action alleging that a violation of the public bid law occurred when no contract was in place on January 1, 2004, and thereafter, and perhaps because of personal animosity, the lawsuit appeared to feed on itself, and ended with plaintiff achieving some, but not all of the results he desired."

DISCUSSION
In City of Shreveport v. Chanse Gas Corp., 34,958, 34,959 (La.App.2d Cir.08/22/01), 794 So.2d 962, writ denied, 2001-2657, 2001-2660 (La.01/04/02), 805 So.2d 209, this court noted the factors to be considered in setting attorney's fees include: the ultimate result obtained, the responsibility incurred, the importance of the litigation, the amount of money involved, the extent and character of the work performed, legal knowledge, attainment and skill of the attorneys, number of appearances, intricacies of the facts involved, diligence and skill of counsel, and the court's own knowledge.
The trial court is vested with considerable discretion in setting attorney's fees. Absent an abuse of that discretion, this court will not disturb that award. Capital City Press v. Board of Sup'rs of Louisiana State University, XXXX-XXXX (La.App. 1st Cir.6/21/02), 822 So.2d 728.
On appeal, Minsky asserted that in order to encourage private citizens to pursue private actions against violations of the Public Bid Law, he should have been awarded the entirety of his attorney's fees plus attorney's fees for this appeal.
In Linoski v. Fleetwood Homes of Texas, # 12, 38,338 (La.App.2d Cir.5/12/04), 873 So.2d 886, this court increased an attorney's fees award in a successful redhibition case. This court noted in detail the extensive legal work performed, the absence of any indication the amount charged was excessive and the lack of any opposition to the increase sought by an answer to appeal or argument in brief. Linoski was awarded the entire amount sought, $11,850.00 plus $1,160.25 in expenses. This court observed that compensating the successful plaintiff encouraged meritorious redhibition actions and discouraged shoddy work by sellers and manufacturers. In addition, the plaintiff was awarded an additional $1,000 in appellate attorney's fees.
The present dispute is distinguishable. While recognizing that Minsky's attorneys could not have been more skillful, diligent or reasonable in billing, the trial court went on to thoughtfully examine in detail the course of this litigation and to articulate carefully the factors which resulted in the award of $2,500 for attorney's fees totaling $10,256.77 plus $575.47 in expenses. In contrast to Linoski, supra, the sheriff has vigorously opposed any increased award for attorney's fees. Further, the trial court specifically found that the violation of the Public Bid Law was *492 narrow in scope while the litigation itself was broader in scope. The trial court declared that an award of the entirety of Minsky's attorneys fees would be "unequitable and unreasonable," since the dispute was primarily about the sheriff's desire to institute a menu bid procedure which Minsky vehemently opposed.
Minsky's assertions of fraud or bad faith on the part of the sheriff were examined and rejected by the trial court. Acknowledging there were hard feelings between the sheriff and Minsky, the trial court rejected the notion that the sheriff deliberately delayed or issued faulty bid packages to harm Minsky. The sheriff frankly testified he did not like Minsky and would prefer not to deal with him, but if Minsky's bid was best, Minsky would get the contract as he had in the past.
Concerning the ultimate result of the litigation, the trial court found the Public Bid Law violation to have been "rather technical in nature and not of earth-shattering substance." After the filing of Minsky's petition in April 2004, a hearing was held in early July and a one-day trial was held later in that month at which three witnesses testified. The trial court concluded that the Public Bid Law violations were technical and unintentional.
Minsky's motion for new trial and appeal were limited to the dispute over the quantum of the attorney's fees. While the award of $2,500 in attorney's fees was certainly not generous, there was no abuse of the trial court's great discretion. We can find no clear wrong or manifest error in the trial court's determination that Minsky was not entitled to the full amount of the attorney's fees billed by his able and professional counsel. Since Minsky has not prevailed in this court, we decline to award him attorney's fees for this appeal.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against plaintiff, Louis L. Minsky.
AFFIRMED.