PITMAN, J.
11 Defendant Top Dollar Pawn Shop of Bossier, LLC, appeals the judgment of the trial court rendered in favor of Plaintiff Betty Boone in the amount of $14,000 in damages, plus legal interest from the date of judicial demand and all costs, and the order to pay expert witness fees of $1,175. For the following reasons, we affirm.

FACTS

In June and September 2018, Plaintiff made two separate loans with Defendant, one in the amount of $425 (with a total amount due of $595), and the other in the amount of $500 (with a total- amount due of $800). The total of the two loans was $1,395. In return for these loans, Plaintiff was required to pledge certain items of her jewelry, which were described, on the pawn tickets. The first transaction took place on June 10, 2013, and the tieket describes the same jewelry in two separate locations asfollows:
1. Cluster diamonds 19, scrap .gold pieces, diamonds four flours (sic), gold rope bracelet tanzanite ring; and
2. Diamonds four flowers, gold roped bracelet, cluster diamonds 19 diamonds, tanzinite (sic) ring with,four diamonds and black coral on the[1]
The second transaction took place on September 16, 2013, and the pawn ticket describes the jewelry as follows:
14KT 29.8 scrap gold pieces 2 gold rings and gold necklace.
Plaintiff made some payments and interest on the first loan and attempted • to retrieve the pawned jewelry, but was informed by Defendant that it was no longer at the pawn shop. Defendant frozé the second loan and | ¿would not accept' further payment from’ Plaintiff since the pawned jewelry could no longer be found.
Plaintiff filed.suit to recover the valúe of the missing jewelry and alleged that she had owned the. jewelry in. excess of 20 years and that it had great sentimental value because some of it- belonged to her deceased husband. She also alleged that she had paid off the first loan of $595 when she attempted to retrieve her jewelry, but the jewelry was never returned to her. She claimed that Defendant violated La. R.S. 37:1804(6) and (9) in that it failed to exercise reasonable care to protect her pledged jewelry and failed to return the *1096 pledged items after she paid the loans. For these reasons, she asserted that she was entitled to a money judgment against Defendant for the replacement of the jewelry.
A trial was held, and Plaintiff testified that some of the jewelry she pledged had belonged to her late husband. She stated that her late husband had given some of the pieces to her son, who had later given them to her. She further testified regarding payment of the first loan, the loss of the jewelry and the freezing of the second loan.
Plaintiff introduced the testimony of Mr. Ralph Forrester, an expert in the field of jewelry appraisals and gemology, who stated that the replacement value of the jewelry was $27,500 and the fair market value was $19,300. He based his opinion on conversations he had with Plaintiff regarding the description of the jewelry, his review of photographs of the jewelry, his knowledge of this type of jewelry commonly sold in the marketplace and his contact with other jewelers in the area concerning these | ¡¡particular pieces of jewelry. Internet printouts of allegedly similar jewelry and third-party invoices from a retailer, Service Merchandise, were introduced into evidence, but no one from the retailer appeared and testified as to their authenticity. Mr. Forrester testified that his expert witness fee is $125 per hour, with a four-hour minimum. He testified for one hour. He also submitted a $425 invoice for rendering his appraisals.
Defendant objected to Mr. Forrester being accepted as an expert due to alleged flaws in his methodology, the rendering of a hypothetical appraisal and the lack of an actual examination of the subject property. Defendant claimed that Mr. Forrester’s opinion was based upon assumed facts not supported by the record or by sufficient facts or data.
Following the testimony, Defendant’s attorney argued that Plaintiff had admitted that she was not the owner of all of the jewelry; therefore, she could not have rightfully pledged it. The trial court summarily dismissed this argument, stating that, clearly, Plaintiff had received the jewelry following her husband’s death, either directly from her husband or from her son. Either way, the trial court opined that the jewelry was hers to pledge and orally ruled that it found Defendant liable to Plaintiff for the loss of the jewelry. It ordered that post-trial briefs be filed regarding the amount of damages due Plaintiff.
After considering the post-trial briefs, the trial court rendered judgment in favor of Plaintiff in the amount of $14,000 for the replacement of the jewelry and expert witness fees of $1,175. Defendant filed this appeal seeking review of that judgment. Plaintiff answered the appeal, | ¿claiming that the amount awarded by the trial court should be increased to $27,500, or, in the alternative, to $19,300.
After this appeal was filed, Defendant filed an exception of no right of action based on its assertion that Plaintiff did not have ownership of all of the jewelry and, thus, could not have legally pledged it. Defendant claimed that the sworn descriptive list in the succession of Plaintiffs husband does not list the items of jewelry pledged by Plaintiff. In opposition to the exception, Plaintiff argues that she was the owner of the jewelry by virtue of her husband’s death and the gifts from her son.[2]

*1097
DISCUSSION

Objection of No Bight of Action

An exception of no right of action may be first filed in the appellate court. La. C.C.P. art. 2163. The function of the exception is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Hood v. Cotter, 08-0215 (La.12/2/08), 5 So.3d 819. La. C.C.P. art. 681 provides, “Except as otherwise provided by law, an action can only be brought by a person having a real and actual interest which he asserts.”
The Louisiana Civil Code articles concerning pledges provide that one can only pledge that which belongs to him and can only confer the rights in the thing pledged that he had himself. La. C.C. art. 3151. A pledge given over a thing that the pled-gor does not own is established when |Bthe thing is acquired by the pledgor and the other requirements for the establishment of the pledge have been satisfied. La. C.C. arts. 3152.
At the trial on the merits, Plaintiffs testimony indicated that some of the items were hers and some were her husband’s prior to his death. Upon his death, she retained possession of all of the jewelry. Despite the fact that the jewelry was not listed on the sworn descriptive list of Mr. Boone’s succession, Plaintiff clearly was the owner of the various items of jewelry on the date she pledged them since no evidence was presented to the contrary.
For these reasons, we find that Defendant’s exception of no right of action, filed after the trial concluded, is without merit.

Judgment on the merits

La. R.S. 37:1804(9) states that a pawnbroker shall not:
(9) Fail to return the pledged things or replace lost pledged things to a pledgor upon payment of the full amount due the pawnbroker, unless the pledged things have been taken into custody by a court or law enforcement officer. For the purposes of this Paragraph only, the term “lost pledged things” means pledged things that have disappeared, been destroyed, or were.stolen while in the care, custody, and control of the pawnbroker and which results in the pledged things being unavailable for return to the pledgor. The pawnbroker’s liability to the pledgor for lost-pledged things shall be limited to the replacement of or the replacement value of the lost pledged thing.
Defendant argues that, in order to prevail in her case, Plaintiff must prove the replacement value of the lost pledged things, that she paid it the’full amount due and that it failed to return the things pledged. Defendant contends that Plaintiff fáiled to meet her burden of proof at trial because she admitted she failed to pay the full amount due for the second transaction. | (¡Further, Defendant claims that Plaintiff failed to prove the replacement value of the pledged jewelry for both transactions, basing support for this argument, among other things, on the alleged flaws in the expert witness’s testimony.
Defendant contends that Mr. Forrester’s expert opinion was flawed because it was based- upon assumptions not supported by the record and because he never personally viewed or handled the pledged jewelry. It argues that his opinions were not. based upon sufficient facts or data since the only information given to him was from Plaintiffs self-serving statements and information. It points out that, although personal knowledge is not required, La. C.E. art. 702 requires that .the expert’s testimony must be based on facts or data and the trier of fact may reject the opinion when it was based upon assumed facts -not sup *1098 ported by the'record. It. also claims that the only market value of the jewelry available to Plaintiff was the value it placed on •the jewelry, which it paid to Plaintiff at the time of the pawn.
Defendant also argues that Plaintiff claimed the replacement value of the jewelry was in excess of $20,000, even though it gave her only $925 for the pawned jewelry. It claims the only reliable and credible evidence of the value of the jewelry is contained on the pawn tickets, which is evidence of the agreement between it and Plaintiff as to the value and description of the items pawned. It further claims that Plaintiff knowingly authorized this description and value by affixing her signature to the loan agreement.
Defendant further argues tfyat certain items of hearsay evidence in Plaintiffs bench book were improperly admitted. It points out that items A |7though J are Internet printouts of allegedly similar jewelry and K though L are third-party invoices which were not certified. Citing La. C.E. arts. 801 and 802, it contends that no one from the retailer appeared and testified as to their authenticity; and, accordingly, those items do not fall within the exception to the hearsay rule and should have been excluded.
Plaintiff' responded, requesting that the amount awarded in the judgment be increased to either replacement value of $27,500, or the fair market value of $19,300. Shé claims that Defendant presented no contrary values from those given by her expert, Mr. Forrester. She argues that the trial court properly exercised great discretion in accepting him as an expert in the field of jewelry appraisals and gemology based on his éxperience, training and education and gave proper weight to his testimony concerning methodology since Defendant’s failure to properly care for her jewelry resulted in him having no physical jewelry to appraise. Plaintiff also argued that the trial court properly admitted sales receipts and Internet descriptions of her jewelry since, again, it was Defendant’s negligence that resulted in there being no physical jewelry to evaluate. She further claims that she presented sufficient evidence to meet the requirements of La. R.S. 37:1804(9) and to prove that she paid off the first loan and attempted to repay Defendant the second loan, but was not allowed to do so by agents of Defendant, who could not locate her jewelry for return to her.
Plaintiff also argues that the jewelry pawned was not scrap jewelry and that the price or value on the pawn ■ ticket was strictly that of the ^Defendant’s employee. The owner ofi Defendant, Mr. John Vice,[3] was the only person who testified on behalf of Defendant, and he is not the person who directly dealt with her.
A district court’s findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous. Stobart v. State, through Dep’t of Transp. & Dev., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). To reverse a fact finder’s determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart, supra. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse, even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, supra; Lewis v. State, through *1099 Dep’t of Transp. & Dev., 94-2370 (La.4/21/95), 654 So.2d 311.
When findings of fact are based upon evaluations of witness credibility, the manifest error/clearly wrong standard demands great deference to the. trial court. Only the fact finder can be aware of the variations in demeanor and, .tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, supra; Turner v. State Farm Mut. Auto. Ins. Co., 32,423 (La.App.2d Cir.10/27/99), 743 So.2d 924. A trial court may evaluate expert testimony by the same principles that apply to other witnesses and has great discretion to accept or reject expert or lay opinion. The weight to be accorded to testimony of experts depends largely on them qualifications and ‘ the facts upon which they base their opinions. Orea v. Scallan, 32,622 (La.App.2d Cir.1/26/00), 750 So.2d 483.
We, find no manifest error in the trial court’s findings concerning the expert witness’s testimony, his methodology, certain documents which were admitted into evidence and the witness’s conclusions as to the value of the property. The trial court accepted Mr. Forrester as an expert in the field of jewelry appraisals and gemology. Further, Mr. Forrester described in detail his methodology for determining the value of the missing objects, and the trial court was satisfied with his explanation of that methodology. When Defendant objected at trial to the use of certain documents which it had hoped to be excluded as hearsay, the trial court explained that it would allow the use of the documents, not for the truth of. the matter asserted, but simply because the expert witness indicated that he used those documents .as a tool in his valuation. of the property. %
The expert witness presented sufficient evidence upon which the trial'court could conclude’ that Plaintiff had met her burden of proof in this matter and that she was entitled to reimbursement for the replacement ' value of her jewelry in the amount determined by the trial court. We find no manifest error in the trial court’s award of damages in th.e amount of $14,000. For these reasons, the assignments of error regarding the evidence | ^presented at -trial, the testimony of the expert witness, the finding of liability of Defendant and the replacement value of the jewelry are without merit.

Expert Witness Fees

Defendant argues that the award of expert witness fees for Mr. Forrester of $1,175 is unreasonable under the facts and is an abuse of the trial court’s discretion. Defendant, points out that -Mr. Forrester testified that his fee. for.- testifying in court is $125 per. hour, with, a four-hour minimum. It, argues that Mr. Forrester testified for approximately one hour, and- the invoice for rendering his appraisals is $425. It claims that, while it does not contest the imposition of the expert’s ,fee in the event the judgment is upheld, it asks that the award of fees be reduced -to reflect the lower amount.that was justified from the evidence.presented at trial.
Plaintiff argues that the trial court has great discretion in matters regarding expert witness fees and that the amount awarded by. the trial court was clearly for four hours of work at $125 per hour, plus additional monies for time spent in preparation for his testimony in court. . Based on the foregoing, Plaintiff asserts that the trial, court- did not abuse its- discretion in rendering its judgment regarding expert fees.
*1100 Witnesses called to testify as expert witnesses shall be compensated for their services, with the amount to be determined by the court and taxed as costs to be paid by the party cast in judgment. La. R.S. 13:3666; Hammock ex rel. Thompson v. Louisiana State Univ. Med. Ctr. in Shreveport, 34,086 (La.App.2d Cir.11/1/00), 772 So.2d 306. An expert witness is entitled to reasonable compensation for his court appearance and | T1.for his preparatory work. The trial judge is not required to set an expert fee at the amount charged by the expert witness. The trial judge has great discretion in awarding and fixing costs and expert fees. A trial court’s assessment of costs can be reversed by an appellate court only upon a showing of abuse of discretion. Hammock ex rel. Thompson, supra. Factors to be considered by the trial judge in setting an expert witness fee include time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed and the knowledge, attainments and skill of the expert. Additional considerations include the helpfulness of the expert’s report and testimony to the court, the amount in controversy, the complexity of the problem addressed by the expert and awards to experts in similar cases. Mount Mariah Baptist Church, Inc. v. Pannell’s Associated Elec., Inc., 36,361 (La.App.2d Cir.12/20/02), 835 So.2d 880, writ denied, 03-0555 (La.5/2/03), 842 So.2d 1101.
Considering the amount of work performed by Mr. Forrester to evaluate missing property, which had been lost as a result of Defendant’s negligence, and the time and effort it took to gather the evidence necessary to reach his conclusion of the replacement value of the jewelry, we find no abuse of discretion in the trial court’s award of $1,175 as an expert witness fee.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court in favor of Plaintiff Betty Boone and against Defendant Top Dollar Pawn Shop |12of Bossier, LLC., in the amount of $14,000, with legal interest from date of judicial demand until paid, plus all costs of the proceedings and $1,175 for expert witness fees. Costs of this appeal are assessed against Defendant Top Dollar Pawn Shop of Bossier, LLC.
AFFIRMED.

. The description did not continue and designate where the black coral was located.

. By action of this court, the exception of no right of action was referred to the merits of this appeal.

. ■ In the record, Mr. Vice is incorrectly referred to as “Mr. Bice.”