WILLIAMS, C.J.
The plaintiff, Luv N' Care, Ltd. ("LNC"), appeals a judgment ordering LNC to pay an expert witness fee of $ 19,433.24 and attorney fees of $ 172,621.10 to the defendants, Jackel International Limited, Product Marketing Mayborn, Ltd., Mayborn Group Limited, Mayborn USA, Inc., Mayborn ANZ Pty, Ltd., and Jackel China, Ltd. The trial court ordered the payments after denying LNC's motion for contempt and LNC has not appealed the court's denial of the motion. For the following reasons, we amend the judgment and affirm as amended.
FACTS
This matter arises from a distribution agreement between LNC, which is a manufacturer of baby products, and the defendants (collectively "Mayborn"). In 2010, LNC filed a lawsuit alleging that Mayborn had breached the distribution contract by *1139 copying LNC products. After a trial in 2013, the jury found that Mayborn had breached its obligations under the contract. The trial court rendered judgment awarding damages to LNC for Mayborn's sale of seven particular cups which used a silicone compression valve. The trial court entered a permanent injunction prohibiting Mayborn from selling those cups and other products that are copies or "colorable imitations" of LNC's silicone compression valve.
In 2016, LNC filed a motion for contempt alleging that Mayborn had sold products in violation of the permanent injunction. After Mayborn filed a number of exceptions, urging vagueness, unauthorized use of summary proceedings and no cause of action, LNC amended its motion for contempt to identify Mayborn's "Tommee Tippee Sippee Trainer" with spout as the product that violated the injunction. The trial court sustained the exception of unauthorized use of summary procedure, dismissed LNC's damage claims and denied Mayborn's exception of no cause of action.
At the contempt hearing in October 2017, Mayborn presented the testimony of Dr. Kimberley Cameron, who was accepted as an expert in mechanical engineering. Dr. Cameron testified that the LNC products subject to the injunction contain a compression valve, which has a movable part that opens or closes when compressive force is applied. She stated that there is no similar compression valve in the Tommee Tippee Sippee cup, which does not have a part that is moved by compression. After the hearing, the trial court issued written reasons for judgment finding that the Mayborn cup did not contain or imitate LNC's compression valve and denying the motion for contempt. The trial court assessed costs against LNC, including reasonable expert witness fees. Mayborn then filed a motion for attorney fees under La. R.S. 13:4611 and to set the amount of expert witness fees.
At the hearing on the fee motion, Dr. Cameron testified about the work she had performed and identified the invoices of her firm. Additionally, Mayborn introduced into evidence the attorney affidavits as to the hourly rates charged and the time expended in defending the contempt motion. In oral reasons, the trial court found that the expert's fees were fairly reasonable and assessed the amount of $ 19,433.24 in expert witness fees. The trial court also found that LNC was liable for Mayborn's attorney fees because the statute provides that the court may award attorney fees to the prevailing party in a contempt proceeding. After further briefing, the trial court issued written reasons for judgment on attorney fees, finding that the court was not constrained by the rates charged by local attorneys in this type of "specialized" case, which involved the issue of whether Mayborn's product infringed on LNC's design. The trial court rendered judgment denying LNC's motion for contempt and ordering LNC to pay $ 19,433.24 in expert fees and $ 172,621.10 in attorney fees. LNC appeals the judgment. Mayborn answers the appeal seeking additional attorney fees for work on appeal.
DISCUSSION
LNC contends the trial court erred in awarding attorney fees to Mayborn. LNC argues that the award of attorney fees should be vacated because the statutory prerequisite for the imposition of attorney fees is that a person be adjudged guilty of a contempt of court.
The wilful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. La. C.C.P. art. 224. The punishment that a court may impose on a person guilty of contempt is provided in R.S. 13:4611.
*1140 La. C.C.P. art. 227. Section 4611 provides in pertinent part:
(1) The supreme court, the courts of appeal [and] the district courts ... may punish a person adjudged guilty of a contempt of court therein as follows:
* * *
(b) For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than one thousand dollars, or by imprisonment for not more than six months, or both.
* * *
(g) The court may award attorney fees to the prevailing party in a contempt of court proceeding provided for in this Section.
The starting point in the interpretation of a statute is the language of the statute itself. Winn-Dixie La. v. Physicians Surgical Specialty Hosp. , 2013-2680 (La. 2/21/14), 156 So.3d 1129 ; Moreno v. Entergy Corp. , 2012-0097 (La. 12/4/12), 105 So.3d 40. Words and phrases shall be read in context and shall be construed according to the common and approved usage of the language. La. R.S. 1:3. The meaning and intent of a law is determined by considering the law in its entirety and by placing a construction on the law that is consistent with the express terms of the law and with the intent of the legislature in enacting the law. Moreno, supra . A statute providing for an award of attorney fees is penal in nature and must be strictly construed. Quinlan v. Sugar-Gold , 51,191 (La. App. 2 Cir. 4/5/17), 219 So.3d 1173.
In the present case, the trial court found that Mayborn's product did not violate the injunction and denied LNC's motion for contempt. After Mayborn filed a motion for attorney fees pursuant to Section 4611(1)(g), the trial court interpreted the provision as giving the court discretion to award attorney fees to either party who prevails in a contempt proceeding. LNC asserts in its appellate brief that Section 4611(1)(g) does not permit an award of attorney fees against a party who has not been adjudged guilty of contempt.
We note that paragraph (1) of Section 4611 provides that the courts may punish a person adjudged guilty of contempt and lists specific penalties for particular types of contempt. Section 4611(1)(b) provides that a person who disobeys a lawful permanent injunction may be fined $ 1,000. In addition to these specific punishments, the statute provides other measures that the court may impose in addressing contempt matters, such as Section 4611(1)(g), which is at issue in this case. Although Section 4611(1)(g) provides that the court may award attorney fees to the "prevailing party" in a contempt proceeding, LNC argues that such an award may only be assessed against a party guilty of contempt because subpart (g) follows the paragraph (1) language regarding punishment.
However, when considered in the context of the statute as a whole, Section 4611(1)(g) is a measure made available to the courts in addition to the specific penalties for contempt listed after paragraph (1). Applying the express language of Section 4611(1)(g), the law reasonably means that the courts may award attorney fees to the party who prevails in a contempt proceeding, whether that party is successful in proving or in defending the contempt allegation. In support of this interpretation, the language of Section 4611(1)(g) does not limit fee awards to a finding of contempt, in contrast to the language of La. R.S. 13:4611(1)(e)(iv), which expressly imposes attorney fees only upon the parent found in violation of the visitation order. Based upon our review of the statutory language, Section 4611(1)(g) gives the trial court authority to award attorney fees to the party who prevails in the contempt proceeding. Thus, this assignment of error lacks merit.
*1141 Award of Attorney Fees
LNC contends the trial court erred in applying an incorrect standard in determining that attorney fees were owed. Every pleading of a party represented by an attorney shall be signed by the attorney as certification that the pleading is warranted by existing law, is not presented for improper purposes and contains allegations supported by evidence. La. C.C.P. art. 863. If a party violates this article, the court shall impose a sanction which may include payment of the other party's reasonable attorney fees. La. C.C.P. art. 863(D).
Here, LNC argues in its brief that the trial court applied Article 863 in finding that an attorney fee award was appropriate in this case, but erred in failing to recognize that the article requires a finding of no justification for the legal claim asserted before attorney fees may be assessed. The record shows that the trial court weighed the evidence presented by the parties and determined that an award of attorney fees was appropriate in this situation where LNC filed a motion for contempt despite the lack of an independent expert witness who agreed with the opinion of LNC's owner that the Mayborn product violated the injunction. The trial court reasonably considered the responsibilities and burdens of the parties in the contempt proceeding in deciding to award attorney fees. Thus, LNC's contention that the trial court incorrectly applied Article 863 lacks merit.
Alternatively, LNC contends the attorney fee award is excessive. LNC argues that the amount of the award must be reduced because the trial court failed to consider relevant factors to determine the reasonableness of the attorney fees sought.
An award of attorney fees must be reasonable based upon the court's consideration of certain relevant factors. Riddle v. Premier Plaza of Monroe, LLC , 51,173 (La. App. 2 Cir. 2/15/17), 216 So.3d 170 ; Linoski v. Fleetwood Homes of Tx., # 12 , 38,338 (La. App. 2 Cir. 5/12/04), 873 So.2d 886. In determining the reasonableness of attorney fees, the factors to be considered include the extent and character of the work performed, the result obtained and the amount of money involved, the number of court appearances required, the difficulty of the legal issues, the fee customarily charged in the locality for similar services, the experience and skill of counsel and the court's own knowledge. Riddle, supra ; Linoski, supra . The trial court has much discretion in assessing an award of attorney fees. An attorney fee award will not be disturbed on appeal absent an abuse of discretion. Ryan v. Case New Holland, Inc. , 51,062 (La. App. 2 Cir. 12/22/16), 211 So.3d 611.
In the present case, the trial court considered the affidavits submitted by Mayborn's counsel regarding the rates charged and time expended in this contempt matter. LNC complains in its brief that Mayborn should have produced documentation in addition to the affidavits to establish that the time expended was necessary. However, this court has previously recognized that the district court may consider counsel affidavits in awarding reasonable attorney fees. See Bell Foundry Co. v. McCurry's Four Wheel Drive Ctr., Inc. , 46,553 (La. App. 2 Cir. 10/5/11), 75 So.3d 529 ; Jackson Square Towne House Home Assn, Inc. v. Hannigan , 38,239 (La. App. 2 Cir. 3/3/04), 867 So.2d 960 ; Walker, Tooke & Lyons, LLP v. Sapp , 37,966 (La. App. 2 Cir. 12/10/03), 862 So.2d 414. The affidavit of Mayborn's New York counsel, John Goetz, shows 204 hours of work and the affidavit of attorney Hayes shows 127.10 hours of work, for a total of 331.10 hours of work.
The record demonstrates that Mayborn's counsel filed multiple exceptions with supporting memoranda in response to *1142 LNC's original and amended contempt motions. Counsel also appeared in court at two hearings. In its written reasons concerning the award of attorney fees, the trial court stated that Mayborn's New York counsel possesses experience and knowledge regarding the issue of whether the subject product infringed on LNC's design in a manner prohibited by the injunction. Additionally, the trial court considered relevant factors in finding that the significant legal issues involved in this case, the extent of the legal work required and the competency of the attorneys supported the total number of hours expended as reflected in the affidavits of counsel. After reviewing the record, we cannot say the trial court erred in accepting as reasonable the total hours of work stated in the affidavits.
We note that the affidavits of counsel also include amounts designated as "costs," in the total amount of $ 9,836.10. However, no explanation regarding these expenses was presented in the affidavits or at the fee hearing. Based on this lack of information, we find that the trial court erred in including the amount of these costs in the award of attorney fees and we shall reduce the judgment accordingly.
LNC also contends the trial court erred in awarding the hourly rate charged by out-of-state counsel. LNC asserts the attorney fee award must be reduced.
Generally, in awarding attorney fees a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. McClain v. Lufkin Industries, Inc. , 649 F.3d 374 (5th Cir. 2011). In some circumstances, when fees are sought for an out-of-state specialist, the court must determine whether hiring the specialist was reasonable and whether the rates sought are reasonable for an attorney of his degree of skill and experience. McClain, supra . Where uncontroverted evidence demonstrates the reasonableness of hiring out-of-state counsel, the "home" rates of such counsel should be considered by the court in awarding attorney fees. McClain, supra .
After the fee hearing in this case, the trial court awarded the full hourly rate charged by Mayborn's out-of-state counsel. In its written reasons concerning attorney fees, the trial court found that the attorney fee award was not limited to the community rate because it was "undisputed" that no local attorneys practiced in the area of intellectual property litigation and that this case involved the related issue of whether Mayborn's product infringed on LNC's cup design. The record does not contain any affidavits showing that attorneys with such a specialty were available for this matter in the local community. Thus, there is no evidence to contradict a finding that Mayborn reasonably retained out-of-state counsel, whose experience and skill were noted by the trial court. Based upon this record, we cannot say the trial court abused its discretion in awarding the full hourly rate charged by Mayborn's out-of-state counsel. This assignment of error lacks merit.
Expert Witness Fee
LNC contends the trial court erred in awarding an excessive expert witness fee. LNC argues that the award must be reduced because the fee includes costs for work not done by the expert witness and material not placed into evidence.
Witnesses called to testify as experts shall be compensated for their services, with the amount to be determined by the court and taxed as costs to be paid by the party cast in judgment. La. R.S. 13:3666. Factors to be considered by the trial court in setting an expert witness fee include time spent in preparatory work for trial, the extent of the work performed, the time spent testifying and the knowledge and skill of the expert.
*1143 Boone v. Top Dollar Pawn Shop of Bossier, LLC , 50,493 (La. App. 2 Cir. 2/24/16), 188 So.3d 1093. Additional considerations include the helpfulness of the expert's report and testimony to the court and the complexity of the problem addressed by the expert. Boone, supra .
An expert witness is entitled to reasonable compensation for her court appearance and her preparatory work. The trial court is not required to set an expert witness fee at the amount charged by the expert. The trial court has great discretion in awarding expert witness fees. A trial court's assessment of costs will not be reversed on appeal absent an abuse of that discretion. Boone, supra .
In the present case, Dr. Cameron testified at the fee hearing that she charged $ 360 per hour for her time spent working on this case, as shown by the invoices issued by the consulting firm where she was employed. The invoices dated March and July 2017 list a total of 3 hours worked by Dr. Cameron. The September 2017 invoice lists a total of 5 hours designated as "prepare for trial" by Dr. Cameron. The final invoice, dated October 2017, lists a total of 29 hours of work by Dr. Cameron, including two separate entries of 8 hours each designated only as "prepare for trial," another 5 hours identified as "prepare for trial" and an additional 8 hours designated as "attend trial." The invoices also include numerous time entries for other employees of the consulting firm who performed work related to the case, but who did not testify as experts. Dr. Cameron stated that these persons performed work such as research or preparing and editing a video that simulated the operation of different valves. Dr. Cameron testified that a number of images taken from the video were introduced into evidence at the contempt hearing, but the video itself was not played in court.
The trial court found that the rate of $ 360 per hour charged by the expert and the total number of hours expended by the expert for preparing and testifying were reasonable. However, we note that the purpose of an expert witness fee is to fairly compensate the expert witness for her court appearance and her preparatory work. Thus, to the extent the invoices reflect charges for work done by persons other than Dr. Cameron, we find that the trial court abused its discretion in including those costs in the award of expert witness fees. Consequently, we shall amend the judgment to reduce the award of expert witness fees to the amount of $ 13,320, which reflects the 37 hours of time expended by Dr. Cameron.
Answer
Mayborn answers the appeal seeking additional attorney fees for work in defense of the appeal. The appellate court has discretion as to whether or not to award additional attorney fees for defending an appeal. Wilks v. Ramsey Auto Brokers, Inc. , 48,738 (La. App. 2 Cir. 1/15/14), 132 So.3d 1009. Considering that LNC was successful on appeal in having the awards of attorney fees and expert witness fees partially reduced, we decline to award Mayborn additional attorney fees for this appeal.
CONCLUSION
For the foregoing reasons, the trial court's judgment is hereby amended to award the reduced amount of $ 162,785 in attorney fees and to award the reduced amount of $ 13,320 in expert witness fees. The judgment is otherwise affirmed. Costs of this appeal are assessed to the appellant, Luv N' Care, LTD.
AMENDED AND AFFIRMED AS AMENDED.